**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Ray TOLLIVER,
Defendant-Appellant.**

No. 80–5887
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 11, 1982.

Neil H. Jaffee, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Daniel H. Forman, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

The appellant, Michael Ray Tolliver, was convicted in a jury trial of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Several issues, properly preserved for appeal, are raised here.

First, the appellant challenges the sufficiency of the evidence. The testimony of DEA Agent Everrett Elledge was presented by the government to show Tolliver's membership in the conspiracy and possession of the cocaine, but Tolliver contends that that testimony was not credible. He notes that the testimony of other participants in the crime was in direct conflict with that of Elledge and that some of Elledge's testimony was impeached.

 This court may not assess the relative credibility of trial witnesses; that function is reserved for the trier of fact. *United States v. Parker*, 586 F.2d 422, 429 (5th Cir. 1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979). Instead, we must view all the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct.

457, 469, 86 L.Ed. 680 (1942), and draw all reasonable inferences in support of the verdict of the trier of fact, *United States v. Prout*, 526 F.2d 380, 384 (5th Cir.), *cert. denied*, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976). Evidence is thus sufficient to support a conviction when a reasonably minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the appellant's guilt beyond a reasonable doubt. *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir.), *cert. denied*, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978); *United States v. Prout*, 526 F.2d at 384.

 After reviewing the evidence, we have determined that the testimony by Agent Elledge was substantial enough to support the appellant's conviction on the conspiracy count as well as on the substantive offense.[1] That determination satisfies our inquiry into sufficiency.

The appellant next contends that evidence should have been suppressed at his trial because it was obtained as the result of an arrest which he asserts involved an unannounced entry in violation of 18 U.S.C. § 3109.[2] Agent Elledge had met with Tolliver and his co-defendants inside the appellant's apartment, then went outside to the parking lot with one of the co-defendants, ostensibly to get money to consummate the deal which the group had discussed. The apartment door was closed and locked after the two had left. Two of appellant's co-defendants, who were already outside, were then arrested by Elledge and other agents. The agents, with guns drawn, returned to the apartment along with one co-defendant. The co-defendant knocked on the door as directed, and the door was opened slightly by a person inside. The door was pushed in and all parties entered the apartment. Prior to the entry, there was no announcement by the agents of their identity or purpose.

---

1. The evidence regarding Tolliver's participation in the conspiracy was largely circumstantial, but criminal conspiracy may adequately be established on circumstantial evidence. *E. g., United States v. Ayala*, 643 F.2d 244, 248 (5th Cir. 1981).

2. The "knock and announce" requirements of § 3109 have been held applicable to entries made to effect warrantless arrests. *Miller v. United States*, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

██ Since the door to the apartment was not fully opened by an occupant, the force used by the agents to gain admittance invoked § 3109. *See United States v. Seelig,* 498 F.2d 109, 113 (5th Cir. 1974). Compliance with the provision was excused, however, because of exigent circumstances;[3] the announcement of identity and purpose would have jeopardized the availability of evidence (the cocaine) which the agents knew to be inside. *See United States v. Dohm,* 597 F.2d 535, 538 (5th Cir.), *cert. denied sub. nom. Rowen v. United States,* 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 196 (1979). Consequently the agents' actions were not illegal and suppression of the evidence was not in order.

Finally, appellant Tolliver contends that the trial court so restricted the cross-examination of Agent Elledge that he was denied his sixth amendment right to examine hostile witnesses. During that cross-examination, counsel for the appellant attempted to elicit testimony to establish that a confidential informant employed by the DEA had filed an internal complaint which had alleged that Elledge had kept confiscated drugs, threatened defendants, and testified falsely regarding certain drug investigations. However, the court sustained the government's objection when defense counsel was unable to produce evidence that such a complaint had in fact been filed, or that there was any basis, in fact, for the line of questioning.

██ The extent of cross-examination with respect to an appropriate subject of inquiry is generally within the sound discretion of the trial court, *Alford v. United States,* 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed.2d 624 (1931), and the trial court's decision will not be disturbed on review unless an abuse of discretion is present, *United States v. Ramirez,* 622 F.2d 898, 899 (5th Cir. 1980). There is, however, a sphere which a trial judge may not impinge, for the "discretionary authority to limit cross-examination comes into play only after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment." *United States v. Elliott,* 571 F.2d 880, 908 (5th Cir.), *cert. denied, Hawkins v. U. S.,* 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978), *quoting United States v. Bass,* 490 F.2d 846, 857 n.12 (5th Cir. 1974).

██ Here the court did not absolutely restrict the cross-examination; it gave the defense counsel the opportunity to proffer some basis in fact for the allegations. The appellant's sixth amendment right was not violated, for without a factual showing, the decision to limit cross-examination was within the realm of the court's discretion. *Cf. Casey v. United States,* 413 F.2d 1303, 1305 (5th Cir. 1969), *cert. denied,* 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970) (involving refusal to permit defendants' counsel to cross-examine witnesses as to possible CIA involvement in a conspiracy to lead a military expedition against a friendly nation). Nor was there an abuse of discretion. The court's decision was in accord with the general rule, which allows questions tending to incriminate or degrade a witness only where the defense counsel is in possession of some facts which support the belief that the witness committed the offense or degrading act to which the question relates. *See United States v. Fowler,* 465 F.2d 664, 666 (D.C.Cir.1972).

The decision of the district court is

AFFIRMED.

---

3. This entry might have been justified under the continuing ruse exception. Had Agent Elledge simply led the others back into the apartment, reentry would have depended on Elledge's ruse as a narcotics purchaser and clearly would have been "part of a single integral transaction that was still in the process of being completed." *United States v. Dohm,* 597 F.2d 535, 538 (5th Cir.), *cert. denied sub. nom. Rowen v. United States,* 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 196 (1979). However, since the person opening the door apparently saw the agents and the ruse was thus pierced before an otherwise welcomed undercover agent's foot had crossed the threshold, the continuing ruse exception might not apply to the facts of this case. In view of our holding as to exigent circumstances, we need not resolve this issue.