THE STATE OF OHIO, APPELLEE, *v.* PRATER, APPELLANT.

(No. WD-83-44—Decided November 18, 1983.)

*Ms. Betty D. Montgomery,* prosecuting attorney, for appellee.

*Mr. Rex H. Huffman,* for appellant.

HANDWORK, J. This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas.

Defendant-appellant, Charles R. Prater, was indicted by a Wood County Grand Jury for gross sexual imposition, a violation of R.C. 2907.05. The indictment specified that the female victim was less than thirteen years of age. See R.C. 2907.05(A)(3). A jury trial commenced on June 30, 1983. The jury subsequently found appellant guilty of "gross sexual imposition." The trial court thereafter sentenced appellant to a term of imprisonment. In bringing this appeal, appellant raises the following two assignments of error:

"First Assignment of Error

"The court erred in sentencing the defendant as being found guilty of a felony in the third degree because the jury did not state the degree of the offense in the verdict nor was the extra element of the victim's age present in the verdict.

"Second Assignment of Error

"The defendant was denied his Sixth Amendment right to confront the witnesses testifying against him."

I

In disposing of the first assignment of error, we turn to R.C. 2945.75(A)(2), which states:

"A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. *Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.*" (Emphasis added.)

Gross sexual imposition, as defined and proscribed by R.C. 2907.05, provides in pertinent part:

"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual

contact with the offender; or cause two or more other persons, to have sexual contact when any of the following apply:

"* * *

"(3) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person.

"(B) Whoever violates this section is guilty of gross sexual imposition. Violation of division (A)(1) or (2) of this section is a felony of the fourth degree. *Violation of division (A)(3) of this section is a felony of the third degree.*" (Emphasis added.)

As the statute clearly indicates, gross sexual imposition is a third degree felony if *the victim is under thirteen years-of-age at the time of the offense.* Otherwise the offense is a fourth degree felony. Quite obviously, the jury found appellant "guilty," but its verdict stated (as revealed by the verdict form):

"WE, the jury, find the Defendant guilty of gross sexual imposition, in violation of Ohio Revised Code 2907.05."

The verdict form was signed by all twelve jurors.

Nevertheless, R.C. 2945.75(A)(2) *requires* a jury's "guilty" verdict to state "either the degree of the offense" or "that such additional element or elements are present." Here, the victim's age was the necessary additional element essential to a finding of "guilty" for a third degree felony (*i.e.*, that the victim was less than thirteen years-of-age). Thus, since the jury found appellant guilty of gross sexual imposition, but failed to specify the presence of this additional element, as set forth in R.C. 2907.05(A)(3), appellant should have been sentenced for a fourth degree felony. The trial court erred in imposing sentence on the higher degree of the offense and, accordingly, appellant's first assignment of error is well-taken. Appellant's sentence on the third degree felony is hereby vacated and, on remand, the trial court shall impose sentence on appellant's conviction only for the fourth degree felony. R.C. 2945.75(A)(2).

II

Appellant's second assignment of error, as framed, asserts that his constitutional right "to confront the witnesses *testifying against him*" was infringed. Both the Ohio and federal Constitutions contain confrontation guarantees. The Sixth Amendment to the United States Constitution states, in pertinent part:

"In all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

Similarly, Article I, Section 10 of the Ohio Constitution states, in relevant part:

"In any trial, in any court, the party accused shall be allowed * * * to meet the witnesses face to face * * *."

The primary purpose of both Confrontation Clauses is to secure the defendant's right to cross-examine prosecution witnesses. See, respectively, *Davis* v. *Alaska* (1974), 415 U.S. 308, 315 and *Henderson* v. *Maxwell* (1964), 176 Ohio St. 187, 188 [27 O.O.2d 59]; see, also, *State* v. *Rodriguez* (1959), 110 Ohio App. 307, 312-313 [13 O.O.2d 79]. Virtually by definition, then, when a defendant's accusers have testified in court, in full view of the trier of fact, and defense counsel cross-examines them without being unduly limited in either scope or subject-matter, the constitutional requirements of the Confrontation Clauses have been satisfied. See, *e.g. United States* v. *Tolliver* (C.A. 11, 1982), 665 F. 2d 1005, 1008, certiorari denied (1982), 456 U.S. 935; see *State* v. *Howard* (1978), 57 Ohio App. 2d 1, 3-4 [11 O.O.3d 3]. In this context, a Confrontation Clause violation is shown, and reversal is required, only when cross-examination itself is denied or its exercise is so severely restricted that the equivalent of a denial results. See *Davis* v. *Alaska, supra; United States* v. *Pritchett* (C.A. 6, 1983), 699 F. 2d 317, 321; *Chavis* v. *North Carolina* (C.A. 4, 1980), 637 F. 2d 213, 225-226; *United States* v. *Meacham* (C.A. 5, 1980), 626 F. 2d 503, 511; *United States* v. *Uramoto*

(C.A. 9, 1980), 638 F. 2d 84, 87; *State* v. *Pierce* (1980), 64 Ohio St. 2d 281, 289-290 [18 O.O.3d 466]; *State* v. *Moritz* (1980), 63 Ohio St. 2d 150, 153-156 [17 O.O.3d 92]; *State* v. *Hannah* (1978), 54 Ohio St. 2d 84, 88 [8 O.O.3d 84]; cf. *State* v. *Long* (1978), 53 Ohio St. 2d 91, 97-98 [7 O.O.3d 178]. (One interpretation of the federal rule requires reversal even when a defendant fails to show prejudice. See *United States* v. *Uramoto, supra*.) Here, however, defense counsel conducted a vigorous and lengthy cross-examination, so, in the traditional sense, appellant's right to "confront" the witnesses against him was not abridged.

The real issue appellant is raising, however, is whether he was denied the right *effectively* to cross-examine the prosecution's complaining witness by the prosecutor's actions during a trial recess.

The record indicates that as defense counsel began to cross-examine the witness, the prosecutor objected, stating that he did not have a copy of the preliminary hearing transcript, which, apparently, defense counsel had and was using to impeach the witness by means of her prior inconsistent statements.

Interestingly, the record indicates that, earlier, on June 27, 1983, appellant filed a motion to have the preliminary hearing testimony transcribed. An order granting this motion was thereafter filed on June 28, 1983. The prosecutor also filed a motion for a copy of the preliminary hearing transcript on June 29, 1983. It appears from the record, however, that the court never entered a similar order granting the prosecutor's motion to have a copy of that transcript prepared.

Thus, after defense counsel's cross-examination had begun, the prosecutor requested a brief recess during which he might copy the transcript. Both defense counsel and the prosecutor agreed that this could be done during the lunch break. At this point, defense counsel asked the court to order the state's complaining

witness not to discuss her testimony during the break, stating:

"[Mr. Cimerman:] Could we have kind of like an order that you don't discuss the testimony from this point through lunch?

"The Court: Fine."

The trial court then instructed the witness as follows:

"The Court: I want to tell you, as a witness, * * * that we would not like to have you discuss this case until you come back at 1:00 o'clock. Can you do that for us?

"The Witness: Yes.

"The Court: Is there any problem with that?

"The Witness: No.

"The Court: I know it may be a little problem, *but you just don't discuss the case with anyone until you come back. Do you promise me you won't discuss it?* [Emphasis added.]

"The Witness: Yes."

However, once the trial resumed, and defense counsel continued his cross-examination of the witness, it became apparent that her memory had been "refreshed" during the break:

"Q. [By Defense Counsel] What happened on the pier?

"A. I forgot to tell you earlier, but he did, Charlie did stick his hands down my pants while we were on the pier.

"Q. You forgot to tell us that earlier?

"A. Yes.

"Q. Did you discuss your testimony with anyone during the break?

"A. No.

"Q. Did you talk to Mr. Mayberry [the prosecutor]?

"A. Yes.

"* * *

"Q. Did you talk about what happened on the pier during the lunch break?

"A. Yes."

Defense counsel then moved for a mistrial, which the trial court denied. In responding to appellant's second assignment of error, the prosecution asserts

that it had no opportunity to review the witness' preliminary hearing testimony before trial. I would observe, however, that defense counsel obtained a copy of the transcript well in advance of the trial and there appears in the record absolutely no good reason why the prosecutor could not have acted with similar diligence in preparing his case. The prosecution also contends, in effect, that just as defense counsel and the defendant enjoy an attorney-client relationship and may discuss during recess periods all matters occurring at trial, so the prosecution and its witnesses enjoy an analogous attorney-"client" relationship, and the prosecutor should be free to discuss in-court testimony with his witnesses, including the complaining witness.

Several deficiencies exist in this line of reasoning, not the least of which is the implicit assumption that the prosecutor's duty is to "win the case," using any means to this end, including "coaching" his principal witness during a trial recess when such is in direct violation of a clear court order prohibiting the witness from discussing her testimony. No citation is needed for the oft-stated precept that the prosecutor's duty is to see that justice is done and the truth elicited. Quite properly, the prosecutor may prepare his witnesses and review their expected testimony *in advance of trial,* so as to insure an orderly and coherent presentation of his case.

However, the prosecutor cannot use trial recesses to "coach" or otherwise "rehabilitate" his witnesses *before defense counsel has finished his cross-examination.* The prosecutor's conduct here is especially disturbing, since the trial court had ordered the witness not to discuss the case "with anyone." Defense counsel's cross-examination had just begun, and he was seeking to challenge the witness' credibility by eliciting testimony inconsistent with her prior statements at the preliminary hearing. No doubt the prosecutor sought to minimize the adverse impact that her prior inconsistent statements might have had on the jury's assessment of her credibility. But since the trial court had clearly ordered no discussion whatsoever with anyone, the prosecutor's off-the-record discussion with the witness constituted a flagrant violation of the court's effort to afford defense counsel a fair opportunity for effective cross-examination. In this case, the prosecutor could have requested a recess *after* defense counsel completed his cross-examination, and then reviewed and discussed with the witness the subject-matter of her preliminary hearing testimony.

However, in reviewing the record herein, including the victim's direct examination, cross-examination, and redirect examination, I cannot fairly say, in the context of all the evidence, that appellant was denied the opportunity for full cross-examination or that counsel's cross-examination was so ineffective that it materially prejudiced appellant's case. See *State* v. *Pierce, supra.*

In future cases, however, prosecutors are admonished to refrain from the type of conduct involved here. Prosecutors should not jeopardize otherwise solid cases by violating a clear court order regarding extrajudicial communication with a witness once he or she has taken the witness stand and defense counsel has *initiated* cross-examination. Nevertheless, appellant's second assignment of error, as framed, is not well-taken.

On consideration whereof, appellant's sentence is hereby vacated. This case is remanded to the court of common pleas for resentencing under R.C. 2907.05 as a fourth degree felony, as herein specified.

*Judgment vacated.*

DOUGLAS and RESNICK, JJ., concur in the syllabus, Part I of the opinion and judgment as to the first assignment of error and concur in judgment only as to the second assignment of error.

DOUGLAS and RESNICK, JJ., concurring in part. We concur in the opinion concerning the first assignment of error. We concur in judgment only as to the second assignment of error. We are troubled by several of the pontifical comments directed at the prosecutor in this case and prosecutors in general. We find the opinion's remonstrances to be unnecessary and unwise.

In addition, we are bothered as to how the opinion can find that the second assignment of error is not well-taken if "the prosecutor's off-the-record discussion with the witness constituted a flagrant violation of the court's effort to afford defense counsel a fair opportunity for effective cross-examination." It would seem that, if effective cross-examination of a key witness was, in fact, hampered by activity of any person or event not the making of appellant, such happening would rise, at the very least, to prejudicial error. Apparently the trial judge, who was in a better position than we to watch the people and events surrounding the incident in question unfold, felt that the occurrence did not interfere with the right of effective cross-examination, as he denied the motion for a mistrial. We concur in that decision of the trial court.

Accordingly, with respect to the second assignment of error, we concur in judgment only.