THE STATE OF OHIO, APPELLEE, *v.* HEIDELBURG, APPELLANT.

(No. S-85-24—Decided March 14, 1986.)

*John E. Meyers,* prosecuting attorney, and *Ronald Mayle,* for appellee.
*David E. See,* for appellant.

RADCLIFFE, J. This is an appeal from a conviction for gross sexual imposition (R.C. 2907.05). The defendant-appellant received a determinate sentence of two years pursuant to R.C. 2929.11(B)(3)(a) (a felony of the third degree).

In the first assignment of error, the defendant-appellant contends that the guilty verdict of the jury failed to specify the age of the victim and, therefore, by the language of R.C. 2945.75(A)(2), the offender may only be sentenced for a fourth degree felony conviction, pursuant to R.C. 2929.11(B)(7).

The relevant portion of the indictment charging a violation of R.C. 2907.05 is as follows:

"Hardy Heidelburg, Jr., * * * did have sexual contact with another, not the spouse of the offender when the other person or one of the other persons is less than thirteen years of age, whether or not the offender knows the age of such person.

"In violation of Ohio Revised Code Section 2907.05(A)(3) GROSS SEXUAL IMPOSITION — Felony of the 3rd Degree Penalty: $5,000.00 fine and up to ten years imprisonment * * *[.]"

From the testimony and exhibit offered and received, there is sufficient evidence for reasonable minds to conclude that the appellant had sexual contact with a seven-year-old female person and that such person was not the spouse of the offender.

The second assignment of error claims the trial court erred in refusing to acquit the defendant and that the jury verdict was not supported by credible evidence and was against the manifest weight of the evidence.

The record reflects that while the

mother of the victim worked, she engaged a babysitter to care for her three children, ranging in ages from three to seven. The babysitter invited the appellant to keep her company and, on at least one occasion, left the appellant alone with the children after the children were in bed while she completed an errand outside the home. The female child testified that "Junior," the friend of the babysitter, touched her "down there" (indicating her pubic region) with his hand and penis.

Both the babysitter and the child contracted gonorrhea from the appellant.

*State* v. *Prater* (1983), 13 Ohio App. 3d 98, 13 OBR 114, 468 N.E. 2d 356, presently stands for the following proposition:

"A jury's verdict finding the defendant guilty of gross sexual imposition, a violation of R.C. 2907.05, which fails to specify the presence of the additional element of the victim's age, as further specified in R.C. 2907.05(A)(3), or the degree, as required by R.C. 2945.75(A)(2), constitutes a finding of guilt on the least degree of that offense, a fourth degree felony. The jury's failure so to specify the victim's age in its guilty verdict means that the defendant can be sentenced for a fourth degree felony only. (R.C. 2945.75[A][2], construed and applied.)" *Id.* at the syllabus.

A review of R.C. 2945.75 requires a repudiation of that decision. *State* v. *Prater* (1983), 13 Ohio App. 3d 98, 13 OBR 114, 468 N.E. 2d 356, is hereby expressly overruled.

R.C. 2945.75 provides:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

"(B) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

The indictment clearly states all the elements necessary to complete an offense under R.C. 2907.05(A)(3). The general verdict of the jury does not require the finding of an additional element or elements to make the offense a third degree felony.

The finding of the specific age is not "a necessary additional element."

The jury must conclude, however, in its deliberations, that the state has among other conclusions proven beyond a reasonable doubt that "[t]he other person * * * is less than thirteen years of age * * *."

Gross sexual imposition, as defined and prescribed by R.C. 2907.05, provides, in part, as follows:

"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons, to have sexual contact when any of the following apply:

"* * *

"(3) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person.

"(B) Whoever violates this section is guilty of gross sexual imposition.

Violation of division (A)(1) or (2) of this section is a felony of the fourth degree. Violation of division (A)(3) of this section is a felony of the third degree."

The appellant was charged under R.C. 2907.05(A)(3), found guilty by a jury of such violation and properly sentenced for a felony of the third degree.

Findings of fact may not be reversed as being against the manifest weight of the evidence when there is substantial evidence which, if believed by the jury, would prove all elements of the crime. *State* v. *Walker* (1978), 55 Ohio St. 2d 208, 9 O.O. 3d 152, 378 N.E. 2d 1049.

There is sufficient evidence to support the verdict and judgment. *State* v. *Thomas* (1982), 70 Ohio St. 2d 79, 24 O.O. 3d 150, 434 N.E. 2d 1356; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212.

Appellant's first and second assignments of error are found not well-taken.

The judgment of the trial court is affirmed and this cause is remanded to the Sandusky County Court of Common Pleas for execution of sentence and assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

HANDWORK and RESNICK, JJ., concur.

GERALD E. RADCLIFFE, J., of the Ross County Court of Common Pleas, Probate Division, sitting by assignment in the Sixth Appellate District.