OPINION
Joseph M. McCoy appeals his conviction of one count of felonious assault, a violation of R.C. 2903.11. McCoy asserts that the Franklin County Court of Common Pleas erred in entering a judgment of conviction because the record does not contain sufficient evidence to support his conviction and because his conviction is against the manifest weight of the evidence. Because reasonable minds could conclude that McCoy was guilty of felonious assault, and because the trier of fact did not clearly lose its way in concluding that McCoy committed felonious assault, we disagree. McCoy also asserts that his trial counsel was ineffective.[1] Because we find that each of McCoy's trial counsel's actions fell within the range of sound trial strategy, we disagree. Finally, McCoy asserts that the prosecutor went over testimony with a witness. Because such an act is proper, we find no error. Accordingly, we affirm the judgment of the trial court.
On September 12, 1998, McCoy severely beat his neighbor, John Lodahl, with a metal pipe. The Franklin County Grand Jury indicted McCoy on one count of felonious assault. McCoy pled not guilty, and the trial court conducted a jury trial.
The state presented evidence that Lodahl married his fiance, Carol, in the afternoon of September 12, 1998. After an afternoon reception, Lodahl and Carol returned home to prepare for their honeymoon. Around 9:00 p.m., police broke apart a confrontation between Lodahl and a few members of the McCoy household. McCoy arrived home as the police were taking statements from both households. No charges arose from that incident.
Around 11:00 p.m., Lodahl and Carol were sitting in their car, about to depart for their honeymoon. Lodahl's friend, Greg Aliff, was leaning down to Lodahl's car window to wish them a safe trip. Suddenly, Lodahl and Carol observed McCoy's son, Michael McCoy, reach across the windshield and strike Aliff on the head with a baseball bat.
Lodahl shouted for everyone to run to the house for protection. Lodahl exited the car and, as he ran toward the house, McCoy struck him with a metal pipe and brought him to his knees. Lodahl observed Michael and another one of McCoy's sons, Brian McCoy, beating Aliff with baseball bats. Michael and Brian then joined their father in beating Lodahl, who ended up laying face down. Carol begged the McCoys to stop and eventually lay down over her husband to shield him.
Neighbors to the Lodahls and McCoys overheard the commotion and observed the McCoys beating Lodahl. A neighbor called 9-1-1 for help. Paramedics transported Lodahl to Grant Medical Center, where he was admitted for treatment to his head, shoulders, back and buttocks. Treatment for his injuries required, in part, that Lodahl endure thirteen "staples" in his head.
McCoy presented the testimony of his wife, Betty, and another son, Kevin McCoy. Betty and Kevin both testified that McCoy was in the house watching television when Lodahl was attacked. Betty also testified that Lodahl struck her during the 9:00 p.m. incident.
The jury found McCoy guilty, and the trial court entered a judgment of conviction and sentenced McCoy accordingly. McCoy appeals and, through counsel, asserts the following assignments of error:
Assignment of Error I
 Joseph McCoy's conviction was based on insufficient evidence.
Assignment of Error II
 Joseph McCoy's conviction was against the manifest weight of the evidence.
Additionally, McCoy submitted pro se arguments to the court, alleging ineffective assistance of trial counsel based upon his trial counsel's failure to: (1) object to a biased juror; (2) adequately prepare his defense; (3) introduce Betty's 9:00 p.m. police statement or subpoena the officer to whom Betty reported that Lodahl struck her; (4) introduce photographs depicting damage to his property allegedly caused by Lodahl; (5) discuss a favorable plea agreement with McCoy; and (6) adequately cross-examine the state's witnesses. McCoy also asserts that he observed the prosecutor reviewing testimony with a state's witness before the witness took the stand.
In his first assignment of error, McCoy asserts that the record does not contain sufficient evidence to support his conviction.
The Ohio Supreme Court clearly outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the eivdence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982),70 Ohio St.2d 79, 80; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
To prove a felonious assault, the state must show that the defendant either: (1) caused serious physical harm to another; or (2) used a deadly weapon to cause or attempt to cause physical harm to another. R.C. 2903.11(A). When a victim's injuries are serious enough to cause him to seek medical treatment, the jury may infer that the victim suffered serious physical harm. State v. Winston (1991), 71 Ohio App.3d 154, 159.
In this case, the state presented evidence that McCoy caused harm to Lodahl. Specifically, the victim and several other witnesses testified that they observed McCoy strike Lodahl. Additionally, the state presented evidence that the harm constituted serious physical harm. Lodahl was taken to the hospital by ambulance and admitted for treatment. Upon viewing the evidence in the light most favorable to the state, we find that the state presented sufficient evidence to sustain a conviction for felonious assault.
Accordingly, we overrule McCoy's first assignment of error.
In his second assignment of error, McCoy asserts that his conviction is against the manifest weight of the evidence.
Even when a verdict is supported by sufficient evidence, an appellate court may nevertheless conclude that the verdict is against the manifest weight of the evidence because the test under the manifest weight standard is much broader than that for sufficiency of the evidence. State v. Banks (1992), 78 Ohio App.3d 206,214, Martin, supra.
In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Garrow (1995), 103 Ohio App.3d 368,370-371; Martin, supra at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
In this case, Lodahl, Carol and Aliff each testified that they observed McCoy hit Lodahl with a metal pipe. Additionally, a neighbor testified that she observed McCoy hitting Lodahl with something, which she believed was a club or a pipe. The neighbor also testified that she had never spoken with the McCoys, and that she only occasionally said "hi" to the Lodahls, but did not consider them friends or attend their wedding. Although McCoy presented alibi witnesses to contradict the state's case, the jury, as the trier of fact, was free to believe or disbelieve any of the witnesses.
We find that the record contains substantial evidence upon which the jury could reasonably conclude that McCoy caused serious physical harm to Lodahl. We do not believe that the jury lost its way in disbelieving Betty's and Kevin's testimony that McCoy was watching television during the attack. The jury verdict did not result in a manifest injustice.
Accordingly, we overrule McCoy's second assignment of error.
McCoy also asserts that his trial counsel was ineffective in several respects. In State v. Ballew (1996), 76 Ohio St.3d 244, 255, the Ohio Supreme Court outlined the following test regarding ineffective assistance of counsel:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defense by the Sixth Amendment," and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687 * * *.
As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Futhermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
McCoy asserts that his trial counsel was ineffective because he did not object to a juror who stated that she was biased. Additionally, McCoy's trial counsel did not allow McCoy to pick his jurors himself. Upon review of the voir dire transcript, we note that two potential jurors stated that they were biased. However, upon the motions of the state and McCoy's trial counsel, the court removed both potential jurors for cause. Additionally, counsel engaged the potential jury panel in an extensive discussion to ensure that the jurors who ultimately sat on the panel were not biased. Therefore, we cannot find that McCoy's trial counsel performed deficiently or committed a prejudicial error in selecting McCoy's jury.
Next, McCoy asserts that his trial counsel was ineffective because he failed to spend adequate time preparing for trial. Specifically, McCoy asserts that his attorney only spoke with him for fifteen minutes and did not investigate the case. However, McCoy fails to point to instances in which his counsel performed incompetently due to his alleged lack of preparation. In fact, the record reveals that McCoy's trial counsel was familiar with the relevant facts and law, and that he presented a viable theory in McCoy's defense. McCoy did not demonstrate deficient performance or prejudice with respect to his trial counsel's preparation.
McCoy also asserts that his trial counsel was ineffective in his failure to introduce evidence that Lodahl struck Betty on the evening in question. Specifically, McCoy wanted his counsel to subpoena Officer Ratliff to testify about what happened approximately two hours before he beat Lodahl. Additionally, McCoy wanted his trial counsel to introduce evidence that Lodahl damaged McCoy's property and had argued with McCoy many times in the past.
The record reveals that McCoy's trial counsel determined that McCoy's strongest defense in this case was the alibi testimony presented by his wife and son. Introducing a significant amount of evidence proving that Lodahl struck Betty would likely have damaged the credibility of McCoy's alibi defense. Trial counsel may have reasonably believed that the jury would be more likely to believe McCoy's alibi defense if he refrained from proving that McCoy had a strong motive to beat Lodahl. In light of the circumstances, we find that trial counsel's actions may be considered sound trial strategy and, therefore, do not constitute deficient performance.
McCoy also asserts that his trial counsel did not cross-examine the state's witnesses adequately to reveal their inconsistencies and conflicting stories. However, our review of the record reveals that the witnesses' testimony was, in fact, quite consistent. Although the witnesses disagreed on the exact number of men who attacked Carol, Aliff and Lodahl, those who were able to identify attackers, identified McCoy. Additionally, trial counsel may have reasonably determined that the fact that one witness testified that McCoy wielded a metal pipe, while another described it as a "club" or a "bat," was of no consequence. Moreover, trial counsel questioned the eyewitnesses extensively regarding visibility during the attack.
We find that McCoy's trial counsel exercised sound trial strategy in cross-examining witnesses on McCoy's behalf. Additionally, we find that McCoy failed to demonstrate that he suffered any prejudice as a result of his trial counsel's cross-examination of the state's witnesses.
In sum, we find that McCoy failed to demonstrate that his counsel performed deficiently and failed to demonstrate that he suffered prejudice as a result of his counsel's performance. Accordingly, we overrule McCoy's assignment of error in which he alleges ineffective assistance of counsel.
Finally, McCoy asserts that he overheard the prosecutor telling his neighbor, Kathy Kirk, what to say just before the neighbor took the witness stand.
A prosecutor is free to prepare witnesses and review their expected testimony with them. State v. Prater (1983),13 Ohio App.3d 98, 101, overruled on other grounds, State v.Heidelburg (1986), 30 Ohio App.3d 265. See, also, State v. Bowen
(Dec. 8, 1999), Columbiana App. No. 96CO68, unreported. McCoy does not allege that the prosecutor asked Kirk to testify untruthfully. Rather, he only alleges that the prosecutor reviewed Kirk's anticipated testimony with her. Thus, McCoy alleges only that the prosecutor prepared the witness in a permissible manner. Therefore, we find no error.
In conclusion, we find no merit in any of McCoy's assignments of error. Accordingly, we overrule each of McCoy's assignments of error and we affirm the judgment of the trial court.
KENNEDY, J., and BOWMAN, P.J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.
[1] Different counsel represented McCoy in the trial court.