[No. 13498-5-II.   Division Two.   July 15, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. MARCO A. CUEVAS-DIAZ, *Appellant.*

*John M. Wolfe* of *Pacific County Public Defense Office,* for appellant.

*Michael J. Sullivan, Prosecuting Attorney,* and *Bruce Davies, Deputy,* for respondent.

ALEXANDER, J.—Marco Cuevas–Diaz appeals consecutive 18–month sentences imposed for convictions on charges of indecent liberties and first degree burglary. We affirm.

Cuevas–Diaz pleaded guilty to one count of burglary in the first degree and one count of indecent liberties. Cuevas–Diaz admitted breaking into a home and sexually assaulting a woman who resided there. The woman, who had been sleeping on a couch in her living room prior to the assault, managed to get away from Cuevas–Diaz and made her way to a portable telephone in another part of the house. She then went into a bedroom where her children were sleeping and, from that location, called the police. Shortly thereafter, Cuevas–Diaz pulled open the door to the room and the woman screamed. Cuevas–Diaz then left and was arrested sometime later. The children witnessed the events that occurred in the bedroom.

The trial court found that the two offenses encompassed the same criminal conduct and imposed a sentence of 18 months on each count. It ordered that the sentences run consecutively.[1] The trial court gave a number of reasons in its findings of fact and conclusions of law for imposing the exceptional sentence. They are as follows:

FINDINGS OF FACT

7. The emotional traumatic impact upon Terri Chatfield was particularly severe.

8. The two Chatfield children were severely traumatized and as of 12/22/89 still suffer extreme anxiety and fear for their safety because of the burglary and assault upon their mother.

9. The defendant's crime impacted the whole community, especially women who live alone or with small children or whose husbands are gone for extended periods of time.

10. The defendant has an acute problem with alcohol and loses control.

11. The defendant acknowledged that he has a severe alcohol problem and wants to seek treatment.

CONCLUSIONS OF LAW

2. The protection of the public would not be adequately served if the defendant were incarcerated within the standard range on Counts I and II and if said Counts were to run concurrently.

3. The defendant poses a future danger to society and is likely to reoffend in the future if he consumes alcohol at any time in the future.

4. The Multiple Offense Policy as set forth in RCW 9.94A-.400(1)(a) is not appropriate in this case and the sentences in Counts I & II should run consecutively . . .

5. Given the purposes of the Sentencing Reform Act in RCW 9.94A.010, a sentence of 18 months in prison for Count I and 18 months in prison for Count II, both sentences to run consecutively to each other, would instill in the public respect for the law and such sentence would be just punishment.

■ Cuevas–Diaz contends that the reasons given by the sentencing court do not support an exceptional sentence. "A sentencing court may impose a sentence outside the standard range for that offense if it finds, considering the

---

[1]RCW 9.94A.400 provides: "If . . . [two] offenses encompass the same criminal conduct . . . [c]onsecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(f) or any other provision of RCW 9.94A–.390."

purpose of the SRA, that there are substantial and compelling reasons justifying an exception." *State v. Pryor,* 115 Wn.2d 445, 450, 799 P.2d 244 (1990) (citing *State v. Nordby,* 106 Wn.2d 514, 516, 723 P.2d 1117 (1986)); RCW 9.94A.120(2). "To reverse a sentence outside the sentence range, the reviewing court must find: (a) the reasons supplied by the sentencing judge are not supported by the record which was before the judge or those reasons do not justify a sentence outside the standard range for that offense; or (b) the sentence imposed was clearly excessive or clearly too lenient." *State v. Pryor,* 115 Wn.2d at 450. There is no assertion by Cuevas–Diaz that the sentence was clearly excessive and, therefore, our inquiry will focus on whether the reasons the sentencing court gave for the exceptional sentence are supported by the record and whether those reasons justify an exceptional sentence.

The State conceded at oral argument that, under the facts of this case, the exceptional sentence was not justified on the basis that Cuevas–Diaz poses a future danger to society. The State's concession is not surprising in light of *State v. Pryor, supra,* in which our Supreme Court indicated that an exceptional sentence could not be based on future dangerousness of the defendant unless there was a showing of similar acts by the defendant and a lack of amenability to treatment. There was no such showing here. Indeed, the sentencing court found that Cuevas–Diaz sought treatment for what he acknowledged was an alcohol problem.

The trial court also relied on the impact of the offense on the victim and the community at large as a reason for the exceptional sentence. In our opinion, neither impact provides a basis for an exceptional sentence. We recognize that the crime victim as well as the community suffer from criminal acts; however, such impact is foreseeable and it exists in any case.

If the exceptional sentence is to be sustained, it is because of the trial judge's findings relating to the impact of the defendant's activities on others, *i.e.,* the children of

the assault victim.[2] The sentencing judge found that the children were "severely traumatized" by the incident and that at the time of sentence they "still suffer extreme anxiety and fear for their safety." This finding is not, in view of the record before the court, clearly erroneous and, thus, we uphold it. *State v. Tunell,* 51 Wn. App. 274, 278, 753 P.2d 543, *review denied,* 110 Wn.2d 1036 (1988).

The second prong of the analysis requires that we determine whether this reason provides justification for the exceptional sentence. We believe that it does. In *State v. Barnes,* 58 Wn. App. 465, 475, 794 P.2d 52, *review granted,* 115 Wn.2d 1022 (1990), Division One of this court recognized, as it had in an earlier case, *State v. Crutchfield,* 53 Wn. App. 916, 771 P.2d 746 (1989), that the impact of a crime on persons not present at its commission can support an exceptional sentence. To provide support for an exceptional sentence, the defendant's actions must have had an impact on the "other persons" of a destructive nature that is not normally associated with the commission of the offense in question and this impact must be foreseeable to the defendant. *Crutchfield,* 53 Wn. App. at 928. In *Barnes,* the "other persons" were children who were in a house during the time a stabbing occurred. Like the situation in *Barnes,* the children here were in the house where the assault occurred and they were severely traumatized by the events. In our opinion, such a result is foreseeable to persons who unlawfully enter the private residence of another and commit an assault. Furthermore, the resulting trauma to the children distinguishes this offense from other

---

[2]The sentencing judge did not enter a conclusion of law based on his finding that the traumatic impact on the children justified an exceptional sentence. It is apparent, however, from the trial judge's oral statement at the time of sentencing that he was relying on that finding as a reason for the sentence. The trial court said:

But you have a number of things that I would call aggravating circumstances, things that make what you did worse than normal. . . .

There's a particular impact on the people in this case. You can see that she's still upset about it. Her husband doesn't show it as much, but he's still upset, and you heard about the kids, so you know they're still upset.

assaults. We are in agreement with the decision in *Barnes* and conclude that the impact of the offense on the children of the assault victim, alone, supports the exceptional sentence.

Affirmed.

PETRICH, A.C.J., and MORGAN, J., concur.