[No. 12076-7-III.   Division Three.   May 11, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL PAUL
ELSBERRY, *Appellant.*

*Rick L. Hansen* and *Rakow & Hansen,* for appellant.

*Gerald A. Matosich, Prosecuting Attorney,* for respondent.

SHIELDS, C.J. — Michael Paul Elsberry was charged with first degree assault. He was convicted by a jury of second degree assault and given an exceptional sentence of 72 months, eight times the high end of the standard range for his offender score. He appeals his exceptional sentence, contending its duration constitutes an abuse of discretion by the trial court. We reverse and remand for resentencing.

Mr. Elsberry, Julie Bringham, and Ms. Bringham's 2-year-old son Anthony began living together in November 1989. Mr. Elsberry cared for Anthony while his mother worked.

Between January 21 and March 9, 1990, Anthony suffered two or three seizures while in the care of Mr. Elsberry. He may have experienced at least one seizure before Mr. Elsberry began a relationship with Anthony's mother. When the seizures occurred in Mr. Elsberry's presence, he admittedly tried to shake Anthony out of them. On each occasion he called Ms. Bringham at work and Anthony was taken to the hospital.

When the March 9 seizure commenced, Mr. Elsberry first called Ms. Bringham at work. She reminded him the physicians told them to let Anthony go through the seizure. She did not leave work and come home. Mr. Elsberry then called his own mother and discussed the seizure with her. Approximately one-half hour after that conversation, Mr. Elsberry called his mother again and told her Anthony had still not come out of the seizure; he asked her to come over and help. She and other family members came over, but determined they could not help Anthony. She told her son to call Ms. Bringham again and tell her they were taking Anthony to the hospital.

Anthony was examined by a pediatric neurologist at Emmanuel Hospital in Portland after the February seizure and after the March seizure. After the first examination, Anthony was given a prescription. No trauma was detected. After the March seizure, Anthony was diagnosed as having suffered "non-accidental trauma" resulting in injury to both spinal tracts, permanent brain damage and confinement to a wheelchair. Hospital staff notified authorities of suspected child

abuse and Mr. Elsberry was subsequently charged with first degree assault under RCW 9A.36.011(1)(a) and (c).[1]

Before trial and at trial, Mr. Elsberry testified he shook Anthony to bring him out of his seizures, but did not shake him hard or against anything and never intended any injury. The State's medical experts were of the opinion that Anthony's injuries could only have resulted from extraordinary force and could not have been accidental. Their testimony was confirmed in part and refuted in part by the defense's medical expert. The jury found Mr. Elsberry guilty of second degree assault, RCW 9A.36.021(1)(a).[2]

Mr. Elsberry had an offender score of 0. The standard range sentence for second degree assault was 3 to 9 months. The trial court found an exceptional sentence was warranted because of the vulnerability of the victim, the infliction of multiple injuries, the severity of the injury, and the defendant's abuse of his position of trust. The court imposed an exceptional sentence of 72 months.

Mr. Elsberry appeals his exceptional sentence. He concedes the reasons given for an exceptional sentence are supported by the record and justify an exceptional sentence. *State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986). However, he contends through his attorney and pro se that the length of his sentence is clearly excessive under RCW 9.94A-.210(4)(b).[3] We agree.

---

[1]RCW 9A.36.011(1) provides in pertinent part that a person is guilty of first degree assault if he:

"(a) Assaults another . . . by any force or means likely to produce great bodily harm or death; or

". . . .

"(c) Assaults another and inflicts great bodily harm."

[2]RCW 9A.36.021(1)(a) states:

"A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

"(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm;"

[3]RCW 9.94A.210 states in part:

"(4) To reverse a sentence which is outside the sentence range, the reviewing court must find: . . . (b) that the sentence imposed was clearly excessive or clearly too lenient."

██ The length of an exceptional sentence is reviewed under an abuse of discretion standard. *State v. Oxborrow,* 106 Wn.2d 525, 530, 723 P.2d 1123 (1986); *State v. Pryor,* 56 Wn. App. 107, 118, 782 P.2d 1076 (1989), *aff'd on other grounds,* 115 Wn.2d 445, 799 P.2d 244 (1990). Tenable grounds or tenable reasons for any exceptional sentence must be stated in the record. *State v. Dyer,* 61 Wn. App. 685, 689, 811 P.2d 975, *review denied,* 117 Wn.2d 1029 (1991); *Pryor,* at 123. Although a "worst case" scenario is not required to uphold a sentence shorter in duration than the statutory maximum,[4] *see Dyer,* at 690; *Pryor,* at 119 (citing *State v. Woody,* 48 Wn. App. 772, 778, 742 P.2d 133 (1987), *review denied,* 110 Wn.2d 1006 (1988)), there must be a reasonable connection between the reasons given and the duration of the sentence. *State v. Chadderton,* 119 Wn.2d 390, 399, 832 P.2d 481 (1992); *State v. Creekmore,* 55 Wn. App. 852, 877, 783 P.2d 1068 (1989) (Forrest, J., concurring), *review denied,* 114 Wn.2d 1020 (1990).

██ Here, there is no reasonable connection between the reasons given and the duration of the sentence. It is undisputed that the victim was vulnerable, the injuries were severe, and the defendant was in a position of trust. However, the jury acquitted Mr. Elsberry of first degree assault. It convicted him of second degree assault, concluding that Mr. Elsberry intentionally shook the child without intent to injure him, and recklessly caused the child's injuries. Yet, the court's 72-month sentence, which is eight times the high end of the standard range for second degree assault, corresponds with a midrange sentence for first degree assault.[5] Mr. Elsberry's "reckless" conduct was not so heinous or egregious that it justifies a sentence meant for "intentional" conduct.

---

[4]The maximum sentence for second degree assault is 10 years. RCW 9A.20-.021(1)(b).

[5]At the time of the offense, first degree assault was a level 11 offense. Former RCW 9.94A.320 table 2. For an offender with a score of 0, like Mr. Elsberry, the standard range was 62 to 82 months. Former RCW 9.94A.310 table 1.

All witnesses, including the child's mother, testified Mr. Elsberry related well to the child; they never witnessed any incidents when he lost patience with the child or treated him in any improper way. Mr. Elsberry's reason for shaking the child and his behavior in summoning help from both his mother and the child's mother are important mitigating factors. The court apparently overlooked those factors. Under the circumstances, the aggravating factors are not so compelling or severe as to justify a sentence eight times the standard range. *See State v. Brown*, 60 Wn. App. 60, 77-79, 802 P.2d 803 (1990), *review denied*, 116 Wn.2d 1025 (1991), *overruled on other grounds in State v. Chadderton, supra*; *State v. Delarosa-Flores*, 59 Wn. App. 514, 520, 799 P.2d 736 (1990), *review denied*, 116 Wn.2d 1010 (1991).

The court did not explain why it imposed a term of confinement equivalent to a standard range sentence for first degree assault.[6] In effect, the court sentenced Mr. Elsberry as though he had been convicted of that offense. In light of the jury verdict to the contrary, and its necessary finding Mr. Elsberry was less culpable than charged, the sentence is clearly excessive and, therefore, an abuse of discretion.

We reverse Mr. Elsberry's sentence and remand for resentencing.

SWEENEY, J., concurs.

MUNSON, J. (dissenting) — I respectfully dissent.

In imposing any exceptional sentence, the duration oftentimes exceeds the standard range for a greater crime for which the defendant was not charged or for which he was charged, but acquitted. To impose a sentence for one crime that might interact with the sentencing grid score for a higher seriousness level, in and of itself, is not an abuse of discretion.

---

[6]A statement of reasons for the length of the exceptional sentence imposed is required by *State v. Pryor, supra* at 122-23.

As the sentencing court explained, the factors which justify the exceptional sentence also justify the duration of the exceptional sentence. *State v. Dyer*, 61 Wn. App. 685, 689, 811 P.2d 975, *review denied*, 117 Wn.2d 1029 (1991). The victim was vulnerable, there were multiple injuries, the injuries were severe, and the defendant abused his position of trust. These factors are supported by the record, and there is a reasonable connection between these factors and the duration of the sentence. *State v. Chadderton*, 119 Wn.2d 390, 832 P.2d 481 (1992).

It is apparent the jury was unable to find that Mr. Elsberry intended to inflict great bodily harm upon this victim. However, assault in the second degree is proved by evidence of an intentional assault with reckless infliction of substantial bodily harm. RCW 9A.36.021(1)(a). A person acts recklessly "when he knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation." RCW 9A.08.010(1)(c).

The medical testimony here indicated that Anthony must have hit his head on a hard object to cause his brain damage. This is more than the run-of-the-mill assault in the second degree. The result of this defendant's conduct upon the 2-year-old victim, while short of death, will have lifelong effects on his ability to lead a normal life. He will be restricted to a wheelchair. No one argues an exceptional sentence is not warranted; only the duration is in issue.

Applying the abuse of discretion standard to the unique factual circumstances of this case, the exceptional sentence was not clearly excessive.