[No. 38120-2-I.    Division One.    November 24, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK S. WAY, *Appellant*.

*Thomas M. Kummerow* of *Washington Appellate Project*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Laura D. Hayes, Deputy*, for respondent.

BAKER, C.J. — When Mark Way shot to death his estranged wife at Whatcom Community College, the crime was witnessed by some of the other students and faculty.

However, the resulting shock and psychological trauma to the onlookers does not sufficiently distinguish this crime from other first degree murders committed in public, so as to support the imposition of an exceptional sentence. We therefore reverse and remand for resentencing within the standard range.

## I

Krystal Way separated from her husband because of his domestic abuse and drug addiction. Armed with a semiautomatic pistol, he went to Whatcom Community College to confront her. He parked his motorcycle on campus and met her as she exited a classroom building. When she refused his demand that she halt divorce proceedings, he began shooting her. Screaming for help, she tried to run away, but collapsed on the pavement as he continued shooting. He reloaded and continued shooting. He also shot at a student who had driven into the parking lot, striking her car twice. Many students on campus heard or saw some of the shooting while taking cover for their safety. Way shot 24 bullets with 9 striking Krystal.

At sentencing, students, staff, and faculty testified or submitted letters about their own or other students' emotional trauma from the shooting. Some of them attended group and individual counseling, and at least one student dropped out of school. There was a generally heightened concern about personal safety on campus.

Way pleaded guilty to first degree murder[1] and first degree assault with a deadly weapon.[2] Based on the impact on students "within sight, sound and the immediate vicinity" of the murder, the court imposed an exceptional sentence of 597 months for the first degree murder.

## II

Reviewing an exceptional sentence, we determine

---

[1] RCW 9A.32.030(1)(a).

[2] RCW 9A.36.011(1)(a), 9.94A.125.

if the trial court's findings of an aggravating factor are supported by the record.[3] If supported, they will be upheld unless clearly erroneous.[4]

We review de novo a trial court's determination that an aggravating factor justifies a departure from the standard range.[5] An aggravating factor supports an exceptional sentence if (1) the Legislature did not consider it in establishing the standard range, and (2) it is sufficiently substantial and compelling to distinguish the offense in question from others in the same category.[6]

Because Way contends that the record does not support the factual findings of a psychological impact on students, he assigns error to most of them. As to number 10,[7] no substantial evidence supports the finding that students and faculty suffered trauma similar to posttraumatic stress syndrome. No foundation was established for the meaning or symptoms of the syndrome, and it is not a subject suitable for a court to take judicial notice of. As to legal conclusion number 2,[8] the finding of an impact on family members is unsupported by the record. No evidence existed that family members suffered trauma; they inquired only about campus safety. Nevertheless, substantial evidence in the record supported the court's finding of a psychological impact on students. Students were traumatized, many sought group and individual counseling, and

[3]RCW 9.94A.210(4)(a); *State v. Cuevas-Diaz*, 61 Wn. App. 902, 905, 812 P.2d 883 (1991).

[4]*State v. Grewe*, 117 Wn.2d 211, 218, 813 P.2d 1238 (1991).

[5]RCW 9.94A.210(4)(a); *State v. Freitag*, 127 Wn.2d 141, 144, 896 P.2d 1254, 905 P.2d 355 (1995).

[6]*Grewe*, 117 Wn.2d at 215-16.

[7]Factual finding no. 10: "Students and faculty members that were witnesses to this shooting suffered severe trauma that was akin to Post Traumatic Stress Syndrome."

[8]Legal conclusion no. 2: "The impact of this shooting went far beyond the intended victim and traumatized the people that were present at the scene of the shooting and some of their family members."

at least one student dropped out of school. The findings are not clearly erroneous.

## III

■ An exceptional sentence based on community impact requires that defendant's actions impact others in a distinctive manner not usually associated with the commission of the offense in question, and that this impact be foreseeable to the defendant.[9]

Way's claim that the impact on students was unforeseeable because he was unaware the college was in session is meritless. He drove to the college for the purpose of confronting his wife when she exited her class, and other students were present in the area.

■ However, the circumstances of this crime do not set it apart from many other murders committed in the presence of others. Violent crimes undoubtedly may cause psychological trauma to those unfortunate enough to witness the events. But that would be true if the crime were committed on a public street, in a theater or shopping mall, or in many places of employment. The fact that this crime was committed in a public place in the presence of adult onlookers is not a basis for imposing an exceptional sentence.

We are not persuaded that *State v. Johnson*, relied upon by the State, supports this sentence. In *Johnson* gang members shot at rival gang members as their car passed an elementary school when it was in session, and parents were in the area waiting to get their children. Because the children were afraid to return to school, and parents were fearful that their children were unsafe there, the court held that this impact distinguished defendant's offense from other first degree assaults.[10]

The court's reasons for holding that the impact on the

---

[9]*State v. Johnson*, 124 Wn.2d 57, 74-75, 873 P.2d 514 (1994) (citing *Cuevas-Diaz*, 61 Wn. App. at 906).

[10]*Johnson*, 124 Wn.2d at 75.

children justified an exceptional sentence do not apply to the present case. First, Washington statutory penalties that are designed to protect schoolchildren do not apply to college students.[11] Second, the *Johnson* court relied on *Cuevas-Diaz*, where that court distinguished between the impact on children and the community. In *Cuevas-Diaz* the court held that the impact on the children was of a destructive nature not usually associated with other assaults because the children saw a stranger chase their mother into their bedroom whereupon she started screaming.[12] However, the impact on similarly situated women in the community did not support an exceptional sentence because it was the kind of impact that usually existed in such cases.[13] The only impact on adults in *Johnson* was based solely on their fear for their children's safety at school. It was not based on their trauma from seeing or being in close proximity to the shooting.[14]

The purpose of the Sentencing Reform Act of 1981 is to ensure proportionately and equality in sentencing.[15] "[E]xpanding the number and scope of approved aggravating circumstances is potentially at odds with the underlying principles of proportionality and culpability" in sentencing.[16] Approval of the exceptional sentence in this case would be a significant departure from existing case law, and would support an exceptional sentence in a wide range of similar crimes. We reverse Way's exceptional sentence and remand for resentencing within the standard range.

---

[11]*Johnson*, 124 Wn.2d at 74 (citing *State v. Coria*, 120 Wn.2d 156, 839 P.2d 890 (1992); *State v. Dobbins*, 67 Wn. App. 15, 834 P.2d 646 (1992), *review denied*, 120 Wn.2d 1028 (1993)).

[12]*Cuevas-Diaz*, 61 Wn. App. at 903, 906.

[13]*Cuevas-Diaz*, 61 Wn. App. at 904-05.

[14]Although the State cites *State v. Crutchfield*, 53 Wn. App. 916, 771 P.2d 746 (1989), *rev'd on other grounds*, 119 Wn.2d 390 (1992), it is not analogous to lend guidance to the present case.

[15]*See* RCW 9.94A.010.

[16]*See* DAVID BOERNER, SENTENCING IN WASHINGTON § 9.3, at 9-48 (1985).

Reversed and remanded for resentencing.

GROSSE and WEBSTER, JJ., concur.

Review denied at 135 Wn.2d 1002 (1998).