[No. 10537-7-III. Division Three. November 1, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. GUSTAVO DELAROSA–FLORES, *Appellant.*

*Deforest Fuller* and *Fuller, Cassel, Beuhler & Hotchkiss, P.S.,* for appellant (appointed counsel for appeal).

*Gary A. Riesen, Prosecuting Attorney,* and *Douglas J. Shae, Deputy,* for respondent.

GREEN, A.C.J.—Gustavo Delarosa–Flores, then 30 years old, was found guilty by a jury of three counts of first degree rape, one count of first degree burglary and one count of first degree robbery. Mr. Delarosa–Flores was sentenced outside the standard range to 360 months on each count, to be served concurrently. We affirm the conviction, but reverse and remand for resentencing.

Mr. Delarosa–Flores contends the court committed reversible error by (1) allowing the State a short recess to consult with the victim during her direct examination, and (2) imposing an exceptional sentence.

The crimes were committed during a 1–hour period at the home of the victim, a 67–year–old widow. While watching television during the evening of September 6, 1989, the victim went to the kitchen to get a drink of water. As she turned on the light, Mr. Delarosa–Flores forced his way through a locked back door and demanded money. He

pushed her back into the living room where she gave him $3 from her purse. He then forced her into the front bedroom and vaginally raped her. The victim returned to the living room where Mr. Delarosa–Flores knocked her to the floor and anally raped her. An act of oral sex also occurred. He took her rings, searched the house and found a small jar of quarters. When he left, he pulled out the telephone cord. As soon as he left the victim reported the crimes to her landlord.

First, Mr. Delarosa–Flores contends the court abused its discretion by granting the State a short recess to consult with the victim and then allowing her to answer leading questions about the oral rape. We disagree.

Mr. Delarosa–Flores was charged with three counts of rape. One count was based upon the victim's pretrial statement that she was forced to engage in oral sex. At trial, she testified to the vaginal and anal intercourse, but when the State asked, "Did you have any other kind of sex act with the defendant?", she replied, "No." The State's examination continued for a short time and then the State requested a short recess to consult with her. After the recess, the defense objected to any further questions regarding other sexual acts. The objection was overruled and in answer to a leading question, the victim testified an oral rape had occurred.

██ We find no abuse of discretion in allowing the recess and consultation between the victim and the prosecuting attorney. Mr. Delarosa–Flores could have attacked her credibility by cross–examining her as to the nature of the consultation and the reasons for the change in her testimony. He did not do so.[1] As the court in *Geders v. United States*, 425 U.S. 80, 89–90, 47 L. Ed. 2d 592, 96 S. Ct. 1330 (1976) observed:

---

[1] Counsel indicated at oral argument he did cross–examine the witness as to the consultation with the prosecutor. However, the record indicates he cross–examined her only as to whether the oral rape occurred and not as to what occurred during the recess.

The opposing counsel in the adversary system is not without weapons to cope with "coached" witnesses. A prosecutor may cross-examine a defendant as to the extent of any "coaching" during a recess . . . Skillful cross-examination could develop a record [to be used] in closing argument . . . raising questions as to the defendant's credibility . . ..

Moreover, there is an important ethical distinction between a prosecutor discussing testimony and improperly seeking to influence it. *Geders*, 425 U.S. at 90 n.3; *see also Musgrave v. State*, 555 So. 2d 1190 (Ala. Crim. App. 1989). *Contra, United States v. Malik*, 800 F.2d 143 (7th Cir. 1986); *State v. Prater*, 13 Ohio App. 3d 98, 468 N.E.2d 356 (1983), *overruled on other grounds in State v. Heidelburg*, 30 Ohio App. 3d 265, 507 N.E.2d 1149 (1986). Here, there was no evidence the State did anything more than refresh the victim's recollection as to previous statements. There is no evidence to suggest the State urged her to create testimony. Further, her testimony after the recess was consistent with her initial report to the police. We find no error.

■ As to the use of leading questions, ER 611(c) prohibits them during direct testimony except "as may be necessary to develop [the witness'] testimony." The court has wide discretion in permitting leading questions. *State v. Scott*, 20 Wn.2d 696, 699, 149 P.2d 152 (1944). Given the circumstances here, including the traumatic nature of the crimes and the difficulty in recounting them to the jury, the court did not abuse its discretion in allowing the State to proceed in that manner.

Second, Mr. Delarosa–Flores argues there were insufficient aggravating factors to justify an exceptional sentence and, in any event, it was excessive.

■ As noted in *State v. Creekmore*, 55 Wn. App. 852, 860, 783 P.2d 1068 (1989), *review denied*, 114 Wn.2d 1020 (1990):

Appellate review is defined by RCW 9.94A.210(4). *See* RCW 9.94A.390.

To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record . . . or that those reasons do not justify a sentence

outside the standard range . . .; or (b) that the sentence imposed was clearly excessive . . .
RCW 9.94A.210(4). The quoted section establishes a 3–part test: (1) Are the reasons supported by the record? (2) Do the reasons justify a departure from the standard range? and (3) Is the sentence "clearly excessive"? *State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987). The first question is answered affirmatively if the trial court's reasons are not "'clearly erroneous'"; the second, if the reasons are adequate as a "'matter of law'"; and third, if the sentence is an "'abuse of discretion.'" *Dunaway*, at 218 (quoting [*State v.*] *Nordby*, [106 Wn.2d 514, 723 P.2d 1117 (1986)]; *State v. Oxborrow*, 106 Wn.2d 525, 532, 723 P.2d 1123 (1986)).

The court here cited five reasons for imposing the exceptional sentence: (1) vulnerability due to age; (2) extreme cruelty; (3) psychological effect on the victim; (4) lack of remorse by Mr. Delarosa–Flores; and (5) invasion of the victim's zone of privacy. Mr. Delarosa–Flores has not assigned error to the first and fifth reasons; he only argues there was no evidence to support reasons 2, 3 and 4.[2] For purposes of discussion, we will consider the second and third reasons as comprising one reason—deliberate cruelty.

Deliberate cruelty is a legal justification for imposing an exceptional sentence. RCW 9.94A.120(2). It has been defined as gratuitous violence either physical, psychological or emotional, which is significantly more serious or egregious than typical of the crime. *State v. Franklin*, 56 Wn. App. 915, 918, 786 P.2d 795 (1989) (citing *State v. Holyoak*, 49 Wn. App. 691, 696, 745 P.2d 515 (1987), *review denied*, 110 Wn.2d 1007 (1988)). However, the conduct must be violent, an "end in itself", and atypical of the crimes of rape, robbery and burglary.[3]

Here, the court referred to both physical and emotional trauma suffered by the victim. Mr. Delarosa–Flores slapped the victim on her leg more than once resulting in bruises

---

[2]Though Mr. Delarosa–Flores has failed to assign error to those particular findings in his appellate brief, his brief sufficiently addresses them to allow appellate review.

[3]The information alleging burglary was based upon an intent to commit assault upon the victim.

the next day and called her "stupid lady" during the rapes. After the anal rape, Mr. Delarosa–Flores pulled out a small pair of scissors; the victim was unsure whether he meant to hit her with them "or what". The court also concluded the victim suffered extreme humiliation, degradation and psychological damage as a result of the crimes. However, the court did not delineate the particular facts which would support those conclusions, other than she was not able to return to her home and would live her remaining years haunted by the crimes.

Although this physical and emotional trauma was gratuitous, it was not significantly more serious or egregious than is typical of the crimes. In this respect, the facts differ from *State v. Falling,* 50 Wn. App. 47, 55, 747 P.2d 1119 (1987), which considered a combination of threats of injury or death, multiple penetrations, and repeated name calling. Moreover, there is no evidence the victim is suffering more emotionally than other rape victims the same age would suffer. *See State v. Tunell,* 51 Wn. App. 274, 280, 753 P.2d 543 (therapist testified as to psychological trauma suffered by victim of child abuse), *review denied,* 110 Wn.2d 1036 (1988). Consequently, the court's reliance on deliberate cruelty as a reason for the exceptional sentence was error.

With respect to the court's fourth reason, lack of remorse, Mr. Delarosa–Flores argues it was based on his professed innocence rather than any disregard of the victim. Since the State offered no evidence in support of this reason, the court's finding is clearly erroneous. In this respect, the facts differ from *Creekmore,* at 861–62, and *State v. Ratliff,* 46 Wn. App. 466, 470, 731 P.2d 1114 (1987).

The two reasons affirmed by this court justify, as a matter of law, an exceptional sentence. Particular vulnerability due to age is cited in the statute as an aggravating factor, RCW 9.94A.390(2)(b), and the invasion of the victim's zone of privacy is an aggravating factor. *Falling,* at 55. Thus, we find no error in imposing an exceptional sentence.

However, we conclude the sentence of 30 years was excessive and in this respect the court abused its discretion. The standard range, given an offender score of 0, was 51 to 68 months for each rape, 15 to 20 months for first degree burglary, and 31 to 41 months for first degree robbery. The maximum term for each crime is life. All sentences are being served concurrently as the court found the crimes constituted the same criminal conduct. *See State v. Collins,* 110 Wn.2d 253, 261, 751 P.2d 837 (1988). The aggravating factors cited above are not so "unusually compelling" or "severe" as to justify a sentence approximately six times the standard range. *See State v. Pryor,* 56 Wn. App. 107, 121, 782 P.2d 1076 (1989), *aff'd,* 115 Wn.2d 445, 799 P.2d 244 (1990). In light of the standard range for each of these crimes, we find a sentence of 30 years is excessive.[4]

The convictions are affirmed; the cause is remanded for resentencing.

THOMPSON and SHIELDS, JJ., concur.

Review denied at 116 Wn.2d 1010 (1991).

---

[4]We note 30 years exceeds the standard range sentence for all crimes except life without parole imposed for aggravated first degree murder. RCW 9.94A.320.