OPINION OF THE COURT
Simons, J.
This appeal raises the question of whether the trial court abused its discretion when, during direct examination, it allowed the prosecutor to hold a brief private conference with a witness after that witness had given an unexpected and potentially damaging response. We hold that the trial court acted within its discretion in permitting such a conference to take place with appropriate safeguards.
Defendant was charged with murder and other crimes after Lushon Josephs was shot inside his Brooklyn apartment. A key prosecution witness was Thomas Edwards. In his statements to investigators and his testimony before the Grand Jury, Edwards said he had seen defendant carrying a gun when defendant entered the Josephs residence with two companions. He stated further that he heard a shot inside and then saw the three leaving, with defendant still armed.
At trial, however, Edwards changed his account. In response to a question from the prosecutor shortly after he took the stand, Edwards claimed that one of defendant’s companions had been carrying the gun. Defendant, he said, was unarmed. The prosecutor immediately requested a bench conference, at which she asked for a brief recess to talk to Edwards. The prosecutor expressed her concern that Edwards had changed his statement at trial because he had been intimidated by defendant’s family members outside the courtroom shortly before taking the stand. The court was advised that court officers — contrary to the court’s instructions — had prevented Edwards from arriving through a private entrance and, as a result, Edwards was forced to enter through the public area, where the alleged contact with defendant’s family took place.
Before ruling, the court allowed defense counsel to state and explain his objections. It then granted the recess and told both *666 attorneys that Edwards could be cross-examined without limitation about the recess and any conversation he had with the prosecutor during it. The attorneys agreed, at the request of defense counsel, that Edwards would be told that he was not required to speak to the prosecutor. After the recess, the jury was informed that the recess had been called to allow the prosecutor and the witness to meet.
Upon his return to the stand, Edwards changed his testimony and said that defendant had been carrying the gun. The prosecutor was prohibited by the court from fully exploring what had caused the earlier contradictory testimony. Instead, Edwards was allowed to say only that he was scared when he testified earlier. No reason for his fear was offered or allowed. Though defense counsel was free to cross-examine about the recess and conference, he chose not to do so. Nor did he request, as he could have, an opportunity to voir dire the conference participants about the content of the meeting prior to cross-examination. In his summation, however, defense counsel suggested that Edwards had changed his testimony because he had been coached during the meeting with the prosecutor.
Defendant was convicted of murder in the second degree, burglary in the first degree and criminal possession of a weapon in the second degree. On appeal, the Appellate Division affirmed, holding that the decision to allow the prosecutor’s conference with Edwards was not an abuse of discretion. We now affirm.
There can be no question that once a witness takes the stand the truth-seeking function of a trial will most often be best served by requiring that the witness undergo direct questioning and cross-examination without interruption for counseling (see, Perry v Leeke, 488 US 272, 282; see also, People v Enrique, 80 NY2d 869, affg on opn below 165 AD2d 13, 17; People v Narayan, 58 NY2d 904). Indeed, a trial court may reject a request by a defendant to speak with his or her attorney during testimony despite the defendant’s conceded right to counsel (see, Perry v Leeke, supra, at 284). Nonetheless, in rejecting the contention that trial courts must allow attorney-client conferences to testifying witnesses, the Supreme Court and our Court have been careful to note that trial courts may allow such conferences as a matter of discretion (see, id., at 284; see also, People v Enrique, 80 NY2d 869, affg on opn below 165 AD2d 13, 22, supra). Though the Perry *667 line of cases dealt with midtestimony conferences involving defendants, we see no reason why the rules articulated in those cases should not apply generally to other witnesses, including the prosecution witness here (see, Perry v Leeke, supra, at 282).
Thus, the decision to grant a recess and to allow a conference between a lawyer and a testifying witness falls within the broad discretion allowed a trial court in its management of a trial. This Court, as a court of law, may reverse such decisions only for legal error, i.e., "the case presented shows no room for the exercise of * * * reasonable discretion” (Matter of Coombs v Edwards, 280 NY 361, 364). We are not free to substitute our judgment for that of the trial court when conflicting facts and inferences reasonably support a decision for or against a certain result (see, Cox v Lykes Bros., 237 NY 376, 382; Matter of Droege, 197 NY 44, 53).
The Trial Judge in this case was confronted with the possibility that a witness was testifying falsely at the trial, thereby jeopardizing a criminal prosecution and exposing himself to perjury charges. Significantly, it was alleged that the witness was lying, not because of anything the prosecutor had done or failed to do, but because of a hallway confrontation that would not have occurred had court security personnel followed instructions. Faced with the need to make sure the court’s truth-seeking function was not impaired — either by witness intimidation or by improper witness coaching by the prosecution — the court chose a sound middle path that allowed the People a chance to rehabilitate their case to some extent, yet fully protected both defendant’s right to cross-examination and the jury’s authority to make informed determinations as to facts and credibility. The court required that the witness be told that he was under no obligation to speak to the prosecutor, it informed the jury that the witness had been removed so that the prosecutor could confer with him and it barred the People from introducing any details about why Edwards changed his story other than the equivocal testimony that he was frightened. The two directly contradictory statements made under oath by Edwards remained on the record for the jury’s consideration, both as a matter of credibility and as a matter of fact. Further, the court allowed the defense the opportunity to cross-examine the witness about the conference and about the change in testimony. The defense was also allowed, in summation, to urge the jury to *668 consider whether improper coaching might have caused the change in testimony.
In light of these safeguards undertaken to preserve both the truth-seeking function of trial and defendant’s rights, we conclude that the trial court did not abuse its discretion. The dissent correctly points out that the trial court had at its disposal other means of dealing with this problem, including an in camera conference with the witness or simply leaving the People to impeach Edwards pursuant to CPL 60.35. Perhaps other Judges would have handled the matter differently, but that is not the standard of review on this appeal. The question is whether the Judge erred as a matter of law. In our view, the solution chosen here fell well within the broad scope of discretion allowed to a trial court.
Our decision today is consistent with decisions in other jurisdictions preserving the trial court’s authority to allow midtestimony conferences between the prosecution and a witness when appropriate safeguards are in place. In United States v Malik (800 F2d 143), a witness changed his testimony after a prosecutor routinely conferred with the witness during recesses without the court’s authorization. The Seventh Circuit concluded there was no error. The court found it significant that "the jury [was] advised of the conversation and heard the witness make the correction subject to cross-examination by defense counsel” (800 F2d, at 149). In United States v De Jongh (937 F2d 1), the First Circuit found no error where the prosecutor and a witness met privately between her direct testimony and cross-examination. The court noted that "the defense, the court, and the jury were fully informed of the meeting and its circumstances in ample time to assess their effect, if any, on [the witness’s] credibility” (937 F2d, at 3). Similarly, in State v Delarosa-Flores (59 Wash App 514, 799 P2d 736, review denied 116 Wash 2d 1010, 805 P2d 814), a 67-year-old rape victim was allowed to confer privately with a prosecutor after she became anxious and gave an answer on direct examination that contradicted her pretrial statements. In finding no abuse of discretion, the Washington appellate court pointed out that if improper coaching did take place during the recess, the appropriate remedy was "[s]killful cross-examination” (59 Wash App, at 517, 799 P2d, at 738). Finally, in Frierson v State (543 NE2d 669), an Indiana appellate court found it proper for a trial court to allow a conference during direct testimony after a sexual assault victim became upset on the stand. As in Delarosa-Flores, the court held that the *669 opportunity to cross-examine protected defendant’s rights fully.
Though a trial court’s discretion is not boundless, these decisions, like Perry v Leeke and People v Enrique (supra), underscore the wisdom of leaving trial courts with broad discretion to determine when a conference is called for and when it is not. A midtestimony conference may be a strategic maneuver designed to frustrate the other side’s case, or it may be an important step toward making sure a flustered witness does not inadvertently misstate the facts. The trial court is in the best position to distinguish between the two. Its ruling necessarily turns on judgments we, as an appellate court, cannot easily make from a cold record: the apparent condition of the witness, the possible motivation of the attorney, the likelihood of undue delay, and the probability that cross-examination will be an adequate remedy. To unduly limit a trial court’s discretionary power in matters concerning trial management increases the likelihood that rigid rules will replace common sense and that the truth-seeking function of a trial will be impaired not advanced.
We have reviewed defendant’s other arguments and find them without merit.
Accordingly, the order of the Appellate Division should be affirmed.