■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY MORRIS, Appellant. [645 NYS2d 4]

The trial court properly exercised its discretion in permitting the prosecutor to confer with a key prosecution witness after his direct testimony and before his cross-examination, since the witness who was incarcerated as a material witness, had been inadvertently placed in the same jail cell as defendant during that interim period, and the prosecutor had a legitimate need to inquire as to what transpired during that confrontation (see, People v Branch, 83 NY2d 663). The trial court also adequately safeguarded defendant's right to cross-examine by admonishing the prosecutor as an officer of the court, to limit her discussion with the witness to the events surrounding the confrontation with defendant, advising defense counsel to confer with defendant before the witness resumed the stand, and allowing defense counsel to inquire into those events on cross-examination of the witness (see, supra). Concur—Murphy, P. J., Rosenberger, Rubin and Williams, JJ.