■ Isidoro Betancourt, Appellant, v City of New York, Respondent. [703 NYS2d 438] —Judgment, Supreme Court, Bronx County (Lottie Wilkins, J., and a jury), entered January 20, 1999, dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover for personal injuries sustained in a slip and fall in a puddle of water allegedly caused by a defectively designed sewer, and argues that the verdict is against the weight of the evidence because defendant failed to adduce expert opinion countering the expert opinion he introduced that the sewer's placement at other than the lowest part of the roadway made it prone to clogging. This argument overlooks the challenge that was made to plaintiff's expert's

credibility, as well as the lack of evidence as to the condition of the sewer at the time of the accident, the condition of the street at the time of the sewer's installation, and the violation of any statutory or regulatory standards. The trial court properly denied plaintiff's application to recant his testimony on direct examination that prior to the accident he had never observed the sewer to be clogged and never observed a nearby fire hydrant to be leaking, where such recantation was sought only after plaintiff consulted with his attorney during a lunch break after his cross-examination had already begun (*cf.*, *People v Branch*, 83 NY2d 663, 667). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.