COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


AARON WYATT WILL, SR.

                                        OPINION BY
v.    Record No. 1995-98-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Joseph A. Leafe, Judge


          Ronald F. Schmidt for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Aaron Wyatt Will, Sr. (appellant) was convicted in a bench

trial of animate object sexual penetration, aggravated sexual

battery and indecent liberties with a child in a custodial

situation.  On appeal, he contends the trial court erred:  (1)

in permitting the assistant Commonwealth's attorney to speak

with the victim privately during the course of her testimony;

and (2) in finding the evidence sufficient to prove animate

object sexual penetration.  For the following reasons, we

affirm.

                              I.

     Appellant was charged with sexually abusing his daughter,

M.W., who was nine years old at the time of trial.  At the

beginning of the Commonwealth's case-in-chief, the victim testified that she had previously lived with her father and that he would call her into his bedroom while he was nude. During those occasions, appellant would give her "bad touches," which M.W. described as when "someone touches you and you're uncomfortable." Appellant would place the victim on the floor in his bedroom, remove her underwear, and touch her "in [her] private part."

The Commonwealth continued its direct examination and the victim responded in such a low voice that defense counsel could not hear her. The trial judge explained that it was all right to tell him what had happened. The assistant Commonwealth's attorney requested a brief recess, observing that "it's a little much for [the victim] right now."[1] Over appellant's objection,

---

[1] The following colloquy occurred:

> [PROSECUTOR]: Judge, I would ask for a few minutes of recess. I think it's a little much for her right now.
>
> [DEFENSE]: I'm assuming the witness will not be talked to during the recess.
>
> [PROSECUTOR]: I'd like to talk with her, Judge.
>
> [DEFENSE]: I think that would be improper, Your Honor.
>
> [PROSECUTOR]: Judge, I'm entitled to talk with my witnesses during the course of the trial. It's not to communicate anything anyone else said. It's to make sure she's okay. I know she's able to communicate

-

the trial court granted a brief recess to the Commonwealth and allowed the assistant Commonwealth's attorney to speak to and comfort the victim. Later, M.W. said she had been "kind of quiet" because she was embarrassed.

After the recess, but before direct examination of the victim resumed, appellant moved for a mistrial, arguing that the Commonwealth should not have been allowed "to speak to the child outside of the presence of the Court, outside of the presence of Counsel." In the alternative to granting a mistrial, appellant requested an evidentiary hearing to determine what occurred during the private conference between the assistant Commonwealth's attorney and the victim. Counsel stated the following:

> There is a preexisting motion for exculpatory evidence, an order entered by the Court May 11th. Based upon the child's testimony here, I would have every reason to believe that there was exculpatory evidence that was revealed in that conference during the course of her testimony, based upon what she said right here and not being able to remember certain things and other matters that I'm not going to refer to, but I'm sure the Court's aware of it.

The trial court denied appellant's motion for a mistrial and request for an evidentiary hearing.

---

> these things and I want to go over them with her.
>
> THE COURT: All right. We'll take five minutes.

-

Prior to the recess, M.W. testified that appellant had given her "bad touches" in her "private part." The victim went into greater detail after the recess, stating that appellant "would give [her] bad touches in [her] vagina" with "his finger." The victim demonstrated with her two fingers what occurred.[2] She also testified that appellant would make her "touch [his penis] and then some white stuff would be coming out." M.W. reported these incidents to her mother after she moved in with her. She also reported these crimes to a neighbor, to Detective James G. Ingram and to Rosa Hasty from Child Protective Services.

Appellant's counsel cross-examined the victim in detail about her responses to the Commonwealth's questions and about what had transpired during the recess. Additionally, the trial court also questioned the child about what had happened during the recess.

The evidence established that when initially questioned by Detective Ingram, appellant denied sexually abusing his

_____

[2] The trial court described the victim's demonstration as follows:

> The record would reflect that the fingers were basically closed, but she put -- it's the Court's recollection she put her finger from one hand, in effect, between the two fingers of the other, and the fingers were basically closed and described it as -- was described in her words, that he put his finger in her vagina.

-

daughter. Appellant claimed that Dr. Lalani McCann advised him that his daughter was not cleansing herself properly and that, periodically, appellant should check M.W.'s vaginal area. The detective telephoned the victim's doctor, who "vehemently denied" ever giving that advice to appellant. When confronted with the doctor's statements, appellant's demeanor changed and he admitted touching M.W. in an inappropriate manner. In a written confession, appellant admitted touching the victim's vagina and rubbing between the "lips" of her vagina for his own sexual pleasure. Appellant denied having the victim touch his penis. At trial, Dr. McCann confirmed that she would not and did not instruct appellant to inspect the victim's genitals.

At the conclusion of the Commonwealth's case, appellant renewed his motion for a mistrial, arguing that it was improper to allow the Commonwealth to meet with the victim during a recess in her testimony. The trial court denied the motion, stating the following:

> On the motion for the mistrial, it's the Court's belief and acceptance of the fact that the recess was appropriate to comfort the witness in an admittedly very foreign environment that she was in. It is the Court's recollection that, in fact, [the victim] had testified on the issue of finger stimulation or penetration prior to that recess taking place. The Court did not find any change in testimony following that brief recess, but the Court did find the witness to be slightly more forthcoming in terms of her responses to the questions . . . . I think that the recess and the counsel given the child of this age and the circumstances

-

and environment in which she has testified,
was entirely appropriate.

(Emphasis added).

In his defense, appellant denied touching the victim inappropriately. He testified that Dr. McCann had told him to check M.W.'s genital area to make sure it was not infected. Appellant also stated that he lied in his confession to Detective Ingram.

At the conclusion of the evidence, appellant again renewed his motion for a mistrial, which was denied by the trial court. The trial court found that the victim's testimony did not change as a result of the brief recess and that appellant was afforded ample opportunity to cross-examine the victim regarding what occurred during the private conference.[3] The trial court accepted the Commonwealth's evidence and rejected appellant's testimony. Appellant was convicted of animate object sexual

---

[3] The trial court stated the following:

> I would say there was no lost opportunity as it relates to the defendant to confront the witnesses or her testimony in the presence of Counsel. There was no testimony on her part of any type outside of the courtroom and the confines of the defendant. And . . . while the Court provided Counsel with considerable latitude in cross-examination with regard to [the private conference], the Court is comfortable that that was a discussion with a very young child that was appropriate under the circumstances of this [case].

-

penetration, aggravated sexual battery and indecent liberties with a child in a custodial situation.

II.

Appellant first contends the trial court erred in permitting the assistant Commonwealth's attorney to speak with the victim privately about the substance of her testimony during the course of her testimony. He argues that his constitutional right to confront the witness was impaired because the trial court denied his request for an evidentiary hearing to determine the substance of the private conference. This argument presents an issue of first impression for this Court.

We hold that the decision to grant a recess and allow a conference between a lawyer and a testifying witness, while narrow in scope, falls within the broad discretion of a trial court and will not be reversed absent an abuse of discretion.

The United States Supreme Court has long recognized the important role a trial judge plays in the system of criminal justice. "[T]he judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." Quercia v. United States, 289 U.S. 466, 469 (1933). Because the outcome of a trial depends upon innumerable factors, "[t]he trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent

-

in the adversary process." Geders v. United States, 425 U.S. 80, 86 (1976).

In Virginia, the trial court is granted broad, discretionary authority to determine, among other issues, the admissibility of evidence, see Bowman v. Commonwealth, 30 Va. App. 298, 302, 516 S.E.2d 705, 707 (1999); the order of evidence before it, see Lebedun v. Commonwealth, 27 Va. App. 697, 715, 501 S.E.2d 427, 436 (1998); how voir dire is conducted, see Buchanan v. Commonwealth, 238 Va. 389, 400, 384 S.E.2d 757, 764 (1989); whether to grant a continuance to obtain counsel, see Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990); whether to order the separation and exclusion of witnesses, see Near v. Commonwealth, 202 Va. 20, 30, 116 S.E.2d 85, 92 (1960); whether to sequester a jury, see Gray v. Commonwealth, 233 Va. 313, 340, 356 S.E.2d 157, 172 (1987); whether to grant a motion for mistrial or a change in venue, see Kasi v. Commonwealth, 256 Va. 407, 420, 424, 508 S.E.2d 57, 64, 67 (1998); the extent of opening and closing arguments, see O'Dell v. Commonwealth, 234 Va. 672, 703, 364 S.E.2d 491, 509 (1988); and whether to suspend a sentence or grant probation, see Montalvo v. Commonwealth, 27 Va. App. 95, 98, 497 S.E.2d 519, 521 (1998). In the instant case, we are asked to determine whether the trial court has the discretion to permit a mid-testimony conference between an attorney and a testifying witness. We hold that it does.

-

In Geders, 425 U.S. 80, the United States Supreme Court recognized the trial court's discretionary power to sequester witnesses and held that where the defendant is the testifying witness, consultation during an overnight recess may be necessary to effectively prepare a defense. See id. at 87. Similarly, in Perry v. Leeke, 488 U.S. 272 (1989), the Court concluded that the trial court may in its discretion permit a defendant to consult with his attorney during a brief recess. See id. at 284. Although the Court in Perry concluded that a criminal defendant does not have a constitutional right to consult his lawyer while his testimony is in progress, the Court was careful to emphasize that its ruling did not preclude consultation in all instances. See id. "As a matter of discretion in individual cases, or of practice for individual trial judges, or indeed, as a matter of law in some States, it may well be appropriate to permit such consultation." Id.

While Geders and Perry addressed mid-testimony conferences involving defendants, we see no reason why the reasoning should not apply to the victim in the present case. Although no Virginia case has addressed this precise issue, the Court of Appeals of New York has held in a substantially similar case that "the decision to grant a recess and to allow a conference between a lawyer and a testifying witness falls within the broad discretion allowed a trial court in its management of a trial." People v. Branch, 634 N.E.2d 966, 968 (N.Y. 1994).

-

In Branch, during direct examination of the prosecution's primary witness, the witness changed his account of events. The prosecutor immediately requested a recess to talk privately with the witness. The trial court granted the recess and told both attorneys that the witness "could be cross-examined without limitation about the recess and any conversation he had with the prosecutor during it." Id. at 967. As a matter of first impression, the Court of Appeals held that the decision to permit the mid-testimony conference was within the trial court's discretion. See id. at 968.

We find persuasive the following analysis by the Court of Appeals of New York in Branch:

> A midtestimony conference may be a strategic maneuver designed to frustrate the other side's case, or it may be an important step toward making sure a flustered witness does not inadvertently misstate the facts. The trial court is in the best position to distinguish between the two. Its ruling necessarily turns on judgments we, as an appellate court, cannot easily make from a cold record: the apparent condition of the witness, the possible motivation of the attorney, the likelihood of undue delay, and the probability that cross-examination will be an adequate remedy. To unduly limit a trial court's discretionary power in matters concerning trial management increases the likelihood that rigid rules will replace common sense and that the truth-seeking function of a trial will be impaired not advanced.

Id. at 969.

-

Applying this rationale, we conclude that the decision permitting a mid-testimony conference between an attorney and a testifying witness lies within the sound discretion of the trial court. Our decision today is consistent with the decisions in other jurisdictions allowing mid-testimony conferences as a discretionary matter. See, e.g., United States v. Malik, 800 F.2d 143, 149 (7th Cir. 1986) ("We view it as a matter of the court's sound discretion depending upon the particular circumstances in the case."); United States v. Loyd, 743 F.2d 1555, 1564 (11th Cir. 1984) ("A decision whether to allow a prosecutor to 'work with' a witness is within the discretion of the trial court and will not be reviewed absent an abuse of that discretion."); United States v. Burke, 495 F.2d 1226, 1233 (5th Cir. 1974) (applying abuse of discretion standard in determining whether trial court erred in allowing prosecutor to "work with" a witness during a weekend recess before cross-examination); Branch, 634 N.E.2d at 968 (holding that the decision "falls within the broad discretion allowed a trial court in its management of a trial").

In the instant case, the evidence established a clear basis for granting the Commonwealth's motion for a brief recess. The victim later explained that her earlier reticence in testifying was a result of being embarrassed. The trial judge concluded "the recess was appropriate to comfort the witness in an admittedly very foreign environment that she was in. . . .

-

[Also,] the recess and the counsel given the child of this age and the circumstances and the environment in which she has testified, was entirely appropriate."  The trial court also found that there were no substantive changes between the victim's testimony before and after the recess.  We cannot say the trial court abused its discretion in granting the Commonwealth's request for a recess and allowing the assistant Commonwealth's attorney to comfort and talk to the victim.  See, e.g., United States v. Fuller, 942 F.2d 454, 458 (8th Cir.) (finding no error where the trial court allowed the prosecutor to speak with one of its witnesses "during a short recess in an attempt to calm her"), cert. denied, 502 U.S. 914 (1991); Frierson v. State, 543 N.E.2d 669, 673 (Ind. Ct. App. 1989) (concluding that the trial court "was well within its discretion to allow communications between the State and the victim if it determined that such communications would help console the victim"); State v. Delarosa-Flores, 799 P.2d 736, 738 (Wash. Ct. App. 1990) (finding no abuse of discretion where trial court granted "a short recess to consult with the victim and then allowing her to answer leading questions about the oral rape").

Appellant's argument that he was denied his Sixth Amendment right to confront the witness is without merit.  As the Court in Geders observed:

> The opposing counsel in the adversary system
> is not without weapons to cope with
> "coached" witnesses.  A prosecutor may

-

cross-examine a [witness] as to the extent of any "coaching" during a recess, subject, of course, to the control of the court. Skillful cross-examination could develop a record [to be used] in closing argument . . . raising questions as to the [witness'] credibility . . . .

425 U.S. at 89-90.  Moreover, an important ethical distinction exists between a prosecutor discussing a witness' testimony and improperly seeking to influence it.  See id. at 90 n.3.

Here, appellant's counsel cross-examined the victim in great detail about the conversations she had with the assistant Commonwealth's attorney during the recess.

Q.  What happened in the room today when you went back there and met with [the assistant Commonwealth's attorney] and [your counselor]?

A.  She asked me some questions.

Q.  What did they ask you?

A.  She asked me what did his private part look like, what was the white stuff like.

Q.  I'm sorry.  Go ahead.  Do you remember anything else?

A.  (No response.)

THE COURT:  Is there anything else . . . that you can tell us?

It's important for me as the Judge to be able to know the truth and to know everything that happened.  So if you remember anything else that happened, tell me anything else.  That would be important and I'd like for you to do that.

You don't have anything to be concerned about.  You just need to feel comfortable in

-

            telling the Judge what happened in response
            to the question.

                Is there anything else you can tell us
            . . . that you haven't told us about what
            happened in the room?

            A.  No, sir.

The victim also testified on cross-examination that the first
time she told anyone about touching appellant's penis was during
the private conference.  No evidence suggested that the
Commonwealth urged M.W. to create testimony, and the record
established that her testimony after the recess was consistent
with her initial testimony.  We find no error.

                              III.

     When the sufficiency of the evidence is challenged on
appeal, we determine whether the evidence, viewed in the light
most favorable to the prevailing party, and the reasonable
inferences fairly deducible from that evidence support each and
every element of the charged offense.  See Moore v.
Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr
v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).
"In so doing, we must discard the evidence of the accused in
conflict with that of the Commonwealth, and regard as true all
the credible evidence favorable to the Commonwealth and all fair
inferences that may be drawn therefrom."  Watkins v.
Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).
"We will not reverse the judgment of the trial court, sitting as

                               -

the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Appellant challenges only the sufficiency of the evidence of penetration, arguing that the victim never fully testified that penetration occurred. Viewed in the light most favorable to the Commonwealth, the evidence proved that appellant would call his young daughter into his bedroom as he was lying nude on his bed. Appellant would place the victim on the floor, remove her underwear, and touch her "in [her] private part." (Emphasis added). The victim later clarified her testimony, stating that appellant gave her "bad touches in [her] vagina." (Emphasis added). When these incidents occurred, the victim was seven and eight years old.

The victim told her mother, a neighbor, and the authorities about appellant's actions. When initially questioned by Ingram, appellant first denied any improper action and later, when confronted with Dr. McCann's statements, appellant's demeanor changed and he admitted touching his daughter in an inappropriate manner. In a signed confession, appellant admitted touching his daughter's vagina and rubbing between the "lips" of her vagina for his own sexual gratification. Although he later recanted his confession, the trial court, as the trier

-

of fact, was free to accept or reject appellant's testimony. See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (per curiam) ("[E]ven if the defendant's story was not inherently incredible, the trier of fact need not have believed the explanation."); Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.").

The Commonwealth's evidence, including the victim's direct testimony that appellant placed his fingers in her vagina and the victim's in-court demonstration with her fingers about what occurred, was competent, was not inherently incredible and was sufficient to prove beyond a reasonable doubt that appellant was guilty of animate object sexual penetration.

For the foregoing reasons, appellant's convictions are affirmed.

                                        Affirmed.