54 P.3d 702 (2002)
STATE of Washington, Respondent,
v.
William Mitchell ATKINSON, Appellant.
No. 20020-5-III.
Court of Appeals of Washington, Division 3, Panel Six.
September 26, 2002.
*704 Chris Bajalcaliev, Attorney at Law, Spokane, WA, for Appellant.
Michael J. Carbone, Deputy Prosecuting Attorney, Newport, WA, for Respondent.
*703 KURTZ, J.
William Atkinson was convicted for the crime of second degree assault after beating up his live-in girlfriend. The court imposed an exceptional sentence of 10 years. Mr. Atkinson appeals contending the court erred by: (1) employing a definition of "disfigurement" that effectively relieved the State of its burden to prove substantial bodily harm, and (2) imposing an exceptional sentence based upon insufficient facts and without substantial and compelling reasons. We reject Mr. Atkinson's contention that the court's definition of "disfigurement" was overly broad, resulting in an inaccurate statement of the law, and affirm his conviction. We conclude that the court's exceptional sentence was supported by facts in the record and based upon substantial and compelling reasons. For that reason, we affirm Mr. Atkinson's sentence.

FACTS
Marilyn Paul called 911 to report that her live-in boyfriend, William Atkinson, had been drinking heavily and had threatened to kill *705 her. Police officers were dispatched to Ms. Paul's house but, by the time they arrived, only Ms. Paul was present. She refused to leave. Later that evening, Ms. Paul called 911 again. She reported that she was at a grocery store in Deer Park; Mr. Atkinson had removed her clothes, assaulted her, blackened her eye, and threatened to kill her.
Officers returned to Ms. Paul's house and, after a struggle, arrested Mr. Atkinson. He was charged with one count of second degree assault for assaulting Ms. Paul, and one count of third degree assault for assaulting one of the officers.
At the trial, Ms. Paul described the assault. She testified that after the officers left the first time, Mr. Atkinson came back to the house even more angry than before. She stated that Mr. Atkinson continued to drink heavily and complain about her calling the police. She testified that Mr. Atkinson struck her without warning, threw her to the floor, and proceeded to beat and kick her. He tore her clothes off and dragged her outside in the cold and rain and locked her out. Ms. Paul testified that Mr. Atkinson wanted her to prostitute herself for him in Spokane, and threatened to kill her by saying she came into the world naked and she was going to leave naked. When Ms. Paul managed to get back in the house, Mr. Atkinson tore her clothes off again, threw her against a window that broke and cut her arm, and then locked her outside again. Ms. Paul eventually convinced Mr. Atkinson to let her leave the house to buy more beer. Ms. Paul drove to a grocery store in Deer Park and called the police.
Ms. Paul was scraped and bruised, her eyes were black and blue, and the white of one eye had blood inside it, or a subconjuctival hemorrhage.
The jury found Mr. Atkinson guilty of the second degree assault. The court dismissed the third degree assault charge at the close of the State's case. The court imposed an exceptional sentence of 10 years, the statutory maximum. The court found the following aggravating factors: (1) Mr. Atkinson's unscored criminal history resulted in a standard range sentence that was clearly too lenient; (2) during the commission of the current offense, Mr. Atkinson had an especially culpable mental state; (3) the current offense was a crime of domestic violence and Mr. Atkinson's conduct manifested deliberate cruelty toward Ms. Paul; (4) the current offense was a crime of domestic violence and Mr. Atkinson's conduct manifested intimidation of Ms. Paul; and (5) the current offense was a crime of domestic violence and Mr. Atkinson's conduct was part of an ongoing pattern of psychological, physical, and sexual abuse of Ms. Paul. Mr. Atkinson appeals.

ANALYSIS
Did the court err by instructing the jury on the meaning of "disfigurement?" Mr. Atkinson contends the court erred by instructing the jury on the meaning of "disfigurement." Jury instructions are sufficient if they are supported by substantial evidence, allow the parties to argue their theories of the case, and properly inform the jury of the applicable law. State v. Irons, 101 Wash.App. 544, 549, 4 P.3d 174 (2000). "Trial courts have considerable discretion in wording jury instructions." State v. Castle, 86 Wash.App. 48, 62, 935 P.2d 656 (1997). We review de novo claimed errors of law in jury instructions; an instruction which misstates the applicable law is reversible error if the error causes prejudice. State v. Kennard, 101 Wash.App. 533, 537, 6 P.3d 38, review denied, 142 Wash.2d 1011, 16 P.3d 1267 (2000).
In order to support a conviction for assault in the second degree, the State was required to prove that Mr. Atkinson intentionally assaulted Ms. Paul and thereby recklessly inflicted substantial bodily harm upon her. RCW 9A.36.021(1)(a). "`Substantial bodily harm' means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b). The court instructed the jury that "`[d]isfigurement' means that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that *706 which renders unsightly, misshapen, or imperfect, or deforms in some manner." Clerk's Papers (CP) at 173.
Mr. Atkinson argues that because the court's definition of "disfigurement" is overly broad, the court's instruction regarding substantial bodily harm misstated the law and misled the jury. According to Mr. Atkinson, he could not argue his theory of the case because the court's instructions effectively eliminated the distinction between second degree assault and fourth degree assault.
The definition of "disfigurement" that the court used is the definition given in the former BLACKS LAW DICTIONARY 420 (5th ed.1979), and the definition acknowledged in State v. Hill, 48 Wash.App. 344, 347, 739 P.2d 707 (1987). The current BLACKS LAW DICTIONARY 480 (7th ed.1999), defines "disfigurement" as "[a]n impairment or injury to the appearance of a person or thing." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 649 (1993), defines "disfigurement" as "the act of disfiguring or the state of being disfigured." "Disfigure" is defined as "to make less complete, perfect, or beautiful in appearance or character." WEBSTERS, supra, at 649.
The court's definition of "disfigurement" was accurate and merely supplemented and clarified the statutory language. Under the instructions, the State was required to prove that Mr. Atkinson intentionally assaulted Ms. Paul and recklessly caused temporary, but substantial impairment to her appearance or that she was temporarily, but substantially rendered unsightly or deformed in some manner. Under the instructions, Mr. Atkinson was still able to argue his theory of the case, which was that he was only guilty of fourth degree assault by showing the disfigurement was not substantial. The court's jury instructions were sufficient because they are supported by substantial evidence, allowed the parties to argue their theories of the case, and properly informed the jury of the applicable law.
We affirm Mr. Atkinson's conviction.
Did the court err by imposing an exceptional sentence? Mr. Atkinson contends that the court erred by imposing an exceptional sentence for two reasons. First, he argues that the facts in the record do not support the court's conclusions regarding the exceptional sentence. Second, he argues that the court's reasons for imposing an exceptional sentence were not substantial and compelling.
Under the Sentencing Reform Act of 1981, a trial court must impose a sentence within the standard range for the offense unless the court finds substantial and compelling reasons justifying an exceptional sentence. State v. Ferguson, 142 Wash.2d 631, 643-44, 15 P.3d 1271 (2001) (citing former RCW 9.94A.120(1), (2) (1999)). In reviewing an exceptional sentence, this court asks three questions: (1) Are the reasons given by the sentencing court supported by the record, using the clearly erroneous standard of review? (2) Do the reasons justify departure from the standard range as a matter of law? (3) Is the sentence clearly too excessive or too lenient, using the abuse of discretion standard of review? Ferguson, 142 Wash.2d at 646, 15 P.3d 1271. Mr. Atkinson assigns error to each of the court's reasons for imposing the exceptional sentence.
Prior Unscored Misdemeanor and Foreign History. Former RCW 9.94A.390(2) (1999) provides a nonexclusive list of substantial and compelling grounds that may justify an exceptional sentence. One of those factors allows the trial court to consider unscored crimes:
(j) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter as expressed in RCW 9.94A.010.
Former RCW 9.94A.390(2).
The court found that Mr. Atkinson had five unscored misdemeanors or foreign convictions. A defendant's prior history of unscored convictions is a "substantial and compelling" reason to support an exceptional sentence. State v. Ratliff, 46 Wash.App. 325, 332, 730 P.2d 716 (1986); see also State v. Roberts, 55 Wash.App. 573, 578, 779 P.2d 732 (1989). Mr. Atkinson's unscored criminal history would have resulted in a presumptive sentence that was clearly too lenient. The *707 court did not err in finding this reason legally sufficient to support an exceptional sentence.
Greater Mental Culpability. Mr. Atkinson argues that the factual basis for the application of this factor was the contents of his presentence investigation report (PSI). Mr. Atkinson emphasizes that he objected to the contents of the PSI and no evidentiary hearing was held.
"In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.370(2). But the court may consider the presentencing report unless the defendant objects. State v. Wakefield, 130 Wash.2d 464, 476, 925 P.2d 183 (1996). When a defendant does not object to information contained in a presentencing report or information presented at the time of sentencing, that information is deemed to be "acknowledged" by the defendant. RCW 9.94A.370(2); State v. Reynolds, 80 Wash. App. 851, 860, 912 P.2d 494 (1996). When a defendant disputes material facts, the court must conduct an evidentiary hearing on the disputed facts to determine an appropriate sentence. RCW 9.94A.370(2). In order to dispute information in the report, the defendant must make a timely and specific challenge. State v. Butler, 75 Wash.App. 47, 51, 876 P.2d 481 (1994) (citing State v. Garza, 123 Wash.2d 885, 890, 872 P.2d 1087 (1994)).
At the sentencing hearing, Mr. Atkinson objected to much of the information stated in the PSI. Without an evidentiary hearing, the court could not rely upon this information for its exceptional sentence. However, during the course of the sentencing hearing, a number of exhibits were admitted without objection. These exhibits contained information regarding Mr. Atkinson's prior criminal convictions, history of alcohol abuse, violence toward women, and court-imposed requirements that he seek treatment for alcohol abuse and anger management. The court used this information when it determined that Mr. Atkinson continues to abuse alcohol and commit acts of violence against women.
An exceptional sentence may be based on facts underlying prior convictions if the facts demonstrate an especially culpable mental state beyond that necessarily considered in calculating the offender score for the current offense. See State v. Souther, 100 Wash.App. 701, 716-17, 998 P.2d 350, review denied, 142 Wash.2d 1006, 34 P.3d 1232 (2000). Here, the facts underlying Mr. Atkinson's prior convictions demonstrated that he had been made aware that one of the predictable consequences of his alcohol abuse was a proclivity for violence against women. Despite this knowledge, Mr. Atkinson failed to take advantage of the opportunities to treat his problems. In short, we conclude that there was sufficient evidence of Mr. Atkinson's culpable mental state and it provided a substantial and compelling reason for the court to impose an exceptional sentence.
Domestic Violence Manifesting Deliberate Cruelty, Intimidation, and an Ongoing Pattern of Abuse. A trial court may consider domestic violence as an aggravating circumstance if the offense involved domestic violence, as defined in RCW 10.99.020(3), and the defendant either (1) committed the offense as "part of an ongoing pattern of psychological, physical, or sexual abuse of the victim manifested by multiple incidents over a prolonged period of time," (2) committed the offense in the presence of minor children, or (3) manifested deliberate cruelty or intimidation of the victim while committing the offense. Former RCW 9.94A.390(2)(h). Here, the trial court relied on the first and third factors.
"Deliberate cruelty is gratuitous violence or other conduct that inflicts physical, psychological, or emotional pain as an end in itself." State v. Smith, 82 Wash.App. 153, 162, 916 P.2d 960 (1996) (citing State v. Scott, 72 Wash.App. 207, 214, 866 P.2d 1258 (1993)). To constitute a legal justification for imposing an exceptional sentence, the deliberate cruelty must be atypical of the crime. State v. Delarosa-Flores, 59 Wash.App. 514, 518, 799 P.2d 736 (1990) (citing former RCW 9.94A.120(2)). Mr. Atkinson contends that there is no evidence that he intended to inflict pain as an end in itself, or that he was *708 trying to intimidate Ms. Paul. Mr. Atkinson cites State v. Barnett, 104 Wash.App. 191, 205, 16 P.3d 74 (2001), as holding that the threshold for deliberate cruelty is high.
The evidence showed that Mr. Atkinson's attack of Ms. Paul was unprovoked, that he hit her, knocked her to the floor, tore her clothes off while continuing to hit and kick her, and then locked her outside, in the cold and rain while she was still naked. When she managed to get back in the house, he did it all over again. In addition, he told her to prostitute herself and threatened to kill her. Mr. Atkinson's conduct toward Ms. Paul was cruel beyond that normally associated with a typical assault and showed an intent to inflict pain as an end in itself. Similarly, Mr. Atkinson's behavior was intended to degrade and humiliate Ms. Paul.
Mr. Atkinson also cites Barnett as holding that a pattern of abuse must occur over a period of years. Barnett, 104 Wash.App. at 203, 16 P.3d 74. The actual holding of Barnett is that abuse over a period of two weeks does not establish a pattern of abuse. Here, the evidence was that Mr. Atkinson and Ms. Paul had been together for a period of 7 to 10 months, during which time at least three incidents of abuse required Ms. Paul to seek medical attention. The court did not err by finding that there was an ongoing pattern of abuse and that the aggravating factors of domestic violence justified an exceptional sentence.
Excessive Sentence. Mr. Atkinson contends that even if an exceptional sentence was warranted, the court's sentence was clearly excessive. Once the sentencing court finds substantial and compelling reasons for imposing an exceptional sentence, it is permitted to use its discretion to determine the precise length of that sentence. State v. Ritchie, 126 Wash.2d 388, 392, 894 P.2d 1308 (1995); State v. Ross, 71 Wash. App. 556, 568, 861 P.2d 473, 71 Wash.App. 556, 883 P.2d 329 (1993). A sentence is clearly excessive if it is imposed on untenable grounds, for untenable reasons. Ross, 71 Wash.App. at 568-69, 861 P.2d 473. The question of whether a sentence is excessive is reviewed for an abuse of discretion. State v. Sanchez, 69 Wash.App. 195, 207, 848 P.2d 735 (1993) (citing State v. Brown, 60 Wash. App. 60, 76, 802 P.2d 803 (1990)). In determining if the length of a particular sentence is appropriate, the court should consider "`whether the sentence imposed was one which no reasonable person would impose.'" Ross, 71 Wash.App. at 571, 861 P.2d 473 (quoting State v. Batista, 116 Wash.2d 777, 793, 808 P.2d 1141 (1991)). A trial court does not abuse its discretion in determining the length of an exceptional sentence unless it relies upon an impermissible reason or imposes a sentence so long that it shocks the conscience of the reviewing court. Ross, 71 Wash.App. at 571-72, 861 P.2d 473. The court's sentence of the statutory maximum is high, but it is not a sentence that no reasonable person would impose.
Mr. Atkinson's sentence is affirmed.
WE CONCUR: SWEENEY and SCHULTHEIS, JJ.