People v Larregui (2018 NY Slip Op 06371)





People v Larregui


2018 NY Slip Op 06371


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, AND TROUTMAN, JJ.


946 KA 16-00219

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMANDALEE LARREGUI, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 2, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]), under a theory of accomplice liability (see § 20.00). The case arose from an incident in which two women posing as prostitutes lured the victim into an ambush by two or three masked men, who assaulted the victim with a piece of metal rebar, held a gun to his head, and stole $200 in cash. Two of the alleged accomplices entered pleas of guilty and agreed to testify against defendant and two other alleged accomplices, who were indicted and tried jointly.
Defendant contends that the evidence is legally insufficient to support the conviction because the testimony of her accomplices was not supported by the requisite corroborative evidence (see CPL 60.22 [1]). That contention is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not " specifically directed' at [that] alleged error" (People v Gray, 86 NY2d 10, 19 [1995]). In any event, the testimony of the victim, as well as that of an eyewitness who observed defendant and her accomplices emerge from the place where the robbery had occurred, " tend[ed] to connect the defendant with the commission of the crime in such a way as [could] reasonably satisfy the jury that the accomplice[s] [were] telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see CPL 60.22 [1]; People v Hilkert, 145 AD3d 1609, 1609-1610 [4th Dept 2016], lv denied 29 NY3d 949 [2017]).
Defendant further contends that the guilty verdict was repugnant because one of her codefendants was acquitted on all counts of the indictment. That contention also is not preserved for our review inasmuch as defendant " failed to object to the alleged repugnancy of the verdict before the jury was discharged' " (People v Madore, 145 AD3d 1440, 1441 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]). In any event, the jury verdict acquitting that codefendant does not negate a necessary element of the crimes of which defendant was convicted (see People v McLaurin, 50 AD3d 1515, 1516 [4th Dept 2008]; see generally People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury (see People v Woolson, 122 AD3d 1353, 1355 [4th Dept 2014], lv denied 25 NY3d 1078 [2015]; see also People v Gibson, 89 AD3d 1514, 1515 [4th Dept 2011], lv denied 18 NY3d 924 [2012]), and we decline to disturb the [*2]jury's determination.
Defendant contends that Supreme Court abused its discretion in allowing the eyewitness to testify about an incident that occurred nearly one month after the robbery (see generally People v Molineux, 168 NY 264, 293-294 [1901]). Specifically, the eyewitness testified that defendant came to the eyewitness's home, tried to break down the door, and threatened the eyewitness with violence for talking to the police. Contrary to the People's assertion, defendant preserved her contention for our review (see CPL 470.05 [2]). Nevertheless, we reject her contention. " Evidence of threats made by the defendant against one of the People's witnesses, although evidence of prior bad acts, [is] admissible on the issue of consciousness of guilt' " (People v Pugh, 236 AD2d 810, 812 [4th Dept 1997], lv denied 89 NY2d 1099 [1997]; see People v McCommons, 143 AD3d 1150, 1154 [3d Dept 2016], lv denied 29 NY3d 999 [2017]). We conclude that the court did not abuse its discretion in determining that the probative value of that evidence outweighed its potential for prejudice (see generally People v Cass, 18 NY3d 553, 560 [2012]).
Defendant failed to preserve for our review her contention that the court abused its discretion in allowing the prosecutor to speak to the attorney of a prosecution witness during a recess in that witness's testimony (see People v Cruz, 23 AD3d 1109, 1110 [4th Dept 2005], lv denied 6 NY3d 811 [2006]; see also People v Williams, 56 AD3d 700, 700 [2d Dept 2008], lv denied 12 NY3d 763 [2009]). In any event, that contention lacks merit. The prosecutor informed the court that the witness, who was one of defendant's alleged accomplices, was giving testimony contrary to what the witness had previously told the prosecutor. The court ruled that the witness's testimony would remain in the record, but allowed the prosecutor to speak to the witness's attorney, who in turn spoke to the witness. Thereafter, defense counsel cross-examined the witness regarding the nature of the latter conversation. Here, "[f]aced with the need to make sure the court's truth-seeking function was not impaired . . . [,] the court chose a sound middle path that allowed the People a chance to rehabilitate their case to some extent, yet fully protected both defendant's right to cross-examination and the jury's authority to make informed determinations as to facts and credibility" (People v Branch, 83 NY2d 663, 667 [1994]). Thus, we conclude that the court's ruling was not an abuse of discretion (see id. at 668; People v Clark, 139 AD3d 1368, 1370 [4th Dept 2016], lv denied 28 NY3d 928 [2016]).
Defendant also failed to preserve for our review her contention that prosecutorial misconduct deprived her of a fair trial inasmuch as she failed to object to any of the alleged improprieties (see People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]; People v Simmons, 133 AD3d 1227, 1228 [4th Dept 2015]). In any event, we conclude that " [a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Pendergraph, 150 AD3d 1703, 1704 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]).
We reject defendant's contention that she was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We also reject defendant's contention that the cumulative effect of the court's alleged errors deprived her of a fair trial (see People v Boyd, 159 AD3d 1358, 1359-1360 [4th Dept 2018], lv denied 31 NY3d 1145 [2018]; People v Spirles, 136 AD3d 1315, 1317 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied — US &mdash, 137 S Ct 298 [2016]). Finally, the sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court